(December 16, 1903.)

## KROETCH v. EMPIRE MILL COMPANY.

[74 Pac. 868.]

NONSUIT—WHEN GRANTED—AMENDMENTS TO PLEADINGS—EVIDENCE—: COMMENT ON BY JUDGE—OFFER OF COMPROMISE—EXHIBITS—INTRODUCTION ON CROSS-EXAMINATION.

1. It is reversible error to grant a nonsuit where plaintiff has made a *prima facie* case.

2. Under sections 4228 and 4229, Revised Statutes, great liberality must be exercised in allowance of amendments to pleadings.

3. Trial judges should make no comment in the presence of the jury upon the weight of evidence or credibility of witnesses.

4. The law favors settlements and compromises of controversies, and evidence of offers or overtures to compromise should not be admitted against a party making such offer or overture.

5. The practice of allowing a party to identify and introduce exhibits on cross-examination of his adversary's witness, should only be allowed where the exhibit contradicts something the witness has testified to upon his examination in chief or is intimately connected with something about which he has testified in chief.

(Syllabus by the court.)

APPEAL from District Court of Kootenai County. Honorable R. T. Morgan, Judge.

Action for conversion. Judgment of nonsuit was entered from which plaintiffs appealed. Reversed.

Charles L. Heitman, for Appellant.

The first reason alleged by appellants in support of their contention that the motion for nonsuit should have been overruled is to the effect that sufficient evidence had been introduced in favor of appellants to make out a *prima facie* case, and that the whole case should have been submitted to the jury, and that

they would have been entitled to a verdict in the absence of counter-evidence in behalf of the respondents. Furthermore, the testimony shows the conversion and appropriation by the defendants of at least one hundred and sixty-nine thousand (169,000) of the Allen posts. The case of *Kansteiner v. Clyne,* 5 Idaho, 59, 46 Pac. 1019, was an action of replevin to recover possession of cattle. The defendant admitted the taking, but justified on the ground that he did so as a constable armed with an execution against the property of the plaintiff's husband. The possession of the property by the plaintiff was established, and the taking being admitted, the plaintiff made out her case of actual possession and of conversion by the defendant, a non-suit was granted, and on appeal this court held that the plaintiff having shown that she was in the actual possession of the cattle, that fact tended to show that she was the owner thereof, and established a *prima facie* case, and that it was error to grant a nonsuit. Where a party makes out a *prima facie* case it is reversible error for the court to grant a motion for nonsuit. (*Idaho Mercantile Co. v. Kalanquin,* 7 Idaho, 295, 62 Pac. 925; *Warner v. Darrow,* 91 Cal. 309, 27 Pac. 737; *Butler v. Hyland,* 89 Cal. 575, 26 Pac. 1108.) The ground upon which the district court sustained the motion for nonsuit was that the plaintiff, L. S. Kroetch, had committed fraud against the Empire Mill Company, of which he was an officer at the time, by the entering into the contract for Kroetch Bros. with John W. Allen. In addition to the reasons and authorities above cited, appellants submit that evidence of fraud is a matter of defense, and, furthermore, must be specifically pleaded, which was not done in the case at bar. The only attempt at pleading fraud is found in the answer of the mill company, and is a mere general assertion. The fraud must be pleaded, and pleaded specifically, so that the opposite party will be advised as to what he is called upon to meet. (*Fox v. Mining Co.* (Cal.), 53 Pac. 36; Bliss on Code Pleading, sec. 211; *Meeker v. Harris,* 19 Cal. 279, 79 Am. Dec. 215; *Herron v. Hughs,* 25 Cal. 556; *Capuro v. Insurance Co.,* 39 Cal. 123; *Triscony v. Orr,* 49 Cal. 612; *Taylor v. Bidwell,* 65 Cal. 489, 4 Pac. 491; *People v. McKenna,* 81 Cal. 158, 22 Pac. 488; *Gray v. Galpin,* 98 Cal. 635, 33 Pac. 725.)

The burden of proving fraud is on the party alleging it; in this case on the defendants. (*Beck etc. Lithographing Co. v. Houppert,* 104 Ala. 503, 53 Am. St. Rep. 77, 16 South. 522; *Giddings v. Steele,* 28 Tex. 733, 91 Am. Dec. 336.) The court will not be warranted in finding fraud from the fact alone that circumstances tending to show it have been proven. (*Roberts v. Washington Bank,* 11 Wash. 550, 40 Pac. 225.)

Crane & Burgan and Edwin McBee, for Respondents.

The sixth ground for nonsuit is the confusion and intermingling of the posts, whereby the Kellum posts were intermingled with the posts in controversy. In this matter, the witness, Lawrence S. Kroetch, testified as follows: "I took no duty from Allen at all in regard to the Kellum posts; I had no business handling those posts as part of the Allen posts. Whatever I did in regard to the Kellum posts was simply as one of the stockholders and directors and representatives of the Empire Mill Company. I owned one-fifth of the stock of the Empire Mill Company and was interested in looking after those posts. I was just looking after them for the Empire Mill Company; it was not my duty as manager or secretary and treasurer to do so. Those Kellum posts were not marked or branded in any way whatever; none of them were marked or branded or stamped. It would not be possible after they got mixed up together to pick out the Kellum posts. All those posts are pretty much the same size and quality; no substantial difference in them taken as a whole." "I gave Mr. O'Neil instructions to put all those posts in, including the Kellum posts, and he did so." On these facts we think the ruling of the court was justified by the law. The rule with regard to intermingling or confusion is to the effect that there are four kinds of confusion: 1. By accident; 2. *Vis major;* 3. Unintentional; 4. Fraud. In this case the intermingling was intentional, and as it does not come under either of the three first divisions, it must be a fraudulent intermingling. "Confusion with fraudulent intent forfeits all of the wrongdoer's interest." (36 Am. & Eng. Ency. of Law, 2d ed., p. 594; *Pulcifer v. Page,* 32 Me. 404, 54 Am. Dec. 589.) The rule of law is that where there has been a

confusion or intermixing of goods of different owners, that if done by consent, such owners become tenants in common; if otherwise, the whole belongs to the innocent owner unless the goods can be easily distinguished and separated. (Hilliard on Torts, 477; *Stephenson v. Little,* 10 Mich. 433; 2 Wait's Actions and Defenses, 240, 241; 2 Blackstone's Commentaries, 405; 2 Sedgwick on Damages, 396; *Hentz v. The Steamer Idaho,* 93 U. S. 575, 23 L. ed. 978; *Mors v. Reading,* 167 Mass. 326, 57 Am. St. Rep. 464, 45 N. E. 760; *Jewett v. Dringer,* 30 N. J. Eq. 309; *Dillingham v. Smith,* 30 Me. 370.)

AILSHIE, J.—This action was commenced by the plaintiffs against defendants charging them with the conversion of one hundred and sixty-nine thousand fence posts, thirty-five boom poles, and some rope belonging to plaintiffs, and praying judgment for the value thereof. The defendants answered and denied the allegations of the complaint and the defendant, Empire Mill Company, alleged that it was the owner of the boom poles and one hundred and fifty thousand of the fence posts, and charges that the plaintiff, L. S. Kroetch, procured a bill of sale of and for said property from one John W. Allen in fraud of defendants and without any consideration therefor, and with the intent to defraud defendants and with knowledge that the defendant, Empire Mill Company, had paid $4,294.44 as a part of the purchase price for said property, and that said posts belonged to said defendant. The case went to trial before the court with a jury and plaintiffs introduced their evidence and rested their case. Thereupon the defendants applied for a nonsuit and the application was granted and a judgment of nonsuit was duly entered.

Appellant assigns thirty-nine errors in the rulings of the court in this case, the last one of which is directed against the action of the court in granting a nonsuit. Without discussing the evidence introduced, suffice it to say that the court erred in taking the case from the jury. Plaintiffs had made, at least, a *prima facie* case. They had shown a purchase of the property and introduced a bill of sale therefor, and proved that

they had taken possession of the property and its conversion by defendants.

This court has held that it is reversible error to grant a nonsuit where the plaintiff has made a *prima facie* case. (*Kansteiner v. Clyne,* 5 Idaho, 59, 46 Pac. 1019; *Idaho Mercantile Co. v. Kalanquin,* 7 Idaho, 295, 62 Pac. 925.) Since we have concluded that the judgment of nonsuit was erroneously entered and the case must go back for trial, it becomes our duty under the law to pass upon each of the other thirty-eight assignments of error. We shall group these together, however, as much as possible and will refer to them by number rather than quote in this opinion the questions, answers and rulings of which appellants complain.

The first assignment of error is the ruling of the court in refusing to allow an amendment to the complaint after the trial had commenced. It seems that the first amendment requested by plaintiff was allowed by the court, but at the time the court made its ruling allowing the amendment, plaintiff submitted a further amendment on the same subject, which was more specific and comprehensive than the first, and the court refused to allow it. The first amendment requested, and which was allowed, was sufficient to let in the evidence plaintiff desired to introduce thereunder, and there was no error in the ruling of the court disallowing the second amendment offered. Plaintiff took no exception to the ruling of the court as set forth in assignment No. 2, and that question cannot, therefore, be considered here. The court should have allowed the questions to be answered as set forth in assignments 3, 4, 6, 7, 8, 11 and 12. Assignment No. 5 goes to the action of the court in refusing to allow an amendment to a paragraph of the complaint during the progress of the trial. The amendment offered is as follows: "Also one boom of about eight thousand cedar fence posts, situated in the reserve boom of the Empire Mill Company." We do not think the refusal of this amendment was prejudicial to plaintiff. The same facts were admissible in evidence under the original complaint as would have been under this amendment.

It should be remembered, however, that the statute commands great liberality in the allowance of amendments in the further-ance of justice between the parties. (Rev. Stats., secs. 4228, 4229.)

We see no error in the rulings of the court as set forth in as-signments 9, 13, 14, 15, 16, 18, 19, 22, 23, 24, 28, 29, 30, 31, 32, 34, 36, 37 and 38.

Assignment No. 10 is taken to the comment of the trial judge upon the evidence of the witness O'Neal in the presence of the jury. The plaintiff having been nonsuited and the jury dis-charged, the plaintiff was not prejudiced in this case by the re-marks of the court. But it is well enough to say here that trial judges cannot be too careful about any remarks made by them in the presence of the jury touching the weight of evi-dence or credibility of witnesses. This court has recently been called upon to express an opinion on this same subject. (See *State v. Shuff, ante,* p. 115, 72 Pac. 664.)

The seventeenth assignment is made to the admission of de-fendants' exhibit No. 1 upon cross-examination of plaintiff's witness, O'Neal. This exhibit was a letter written by plain-tiffs to defendant, Empire Mill Company, offering to com-promise this matter. It was error to admit the letter. A clear distinction exists between the admission of specific facts and an offer or overture to make a compromise and settle the controversy. The policy of the law favors settlements and compromises. (1 Greenleaf on Evidence, sec. 192; Underhill on Evidence, sec. 75, and authorities there cited.)

The twentieth assignment complained of is the action of the court in permitting the defendants to introduce their exhibit No. 2 in evidence upon cross-examination of the plaintiff, L. S. Kroetch. This exhibit consists of a letter written by one H. R. Weld to Kroetch Bros., and their reply thereto concern-ing some posts Weld had sold to John Allen for plaintiffs. This was not proper cross-examination of the witness and had no connection with his evidence in chief and should not have been admitted. The practice of allowing a party to identify and introduce exhibits on cross-examination of his adversary's witness is bad practice and should seldom be permitted. It

should only be allowed where the exhibit contradicts something the witness has testified to upon his examination in chief or is intimately connected with something about which he has testified. Each party is entitled to make out his case without having injected into it the case of his adversary, except in so far as it is disclosed by legitimate cross-examination.

Assignment No. 21 is against the ruling of the court in admitting defendant's exhibit No. 5 on cross-examination of the plaintiff, L. S. Kroetch. This is a letter written by the witness while acting as secretary of the defendant, Empire Mill Company, and while under the views above stated we do not think it was error to admit this letter, it would have been better practice to allow the defendant to identify it by the witness while on the stand and withhold introducing it in evidence until they come to make out their case.

The twenty-fifth assignment is taken to the action of the court in permitting the defendants to ask plaintiff, L. S. Kroetch, the following question on cross-examination: "Was not $778.25 the money of the Empire Mill Company?" Defendant had alleged that this plaintiff was a stockholder in the Empire Mill Company, and was its secretary and treasurer, and we see no error in permitting them to show that as such officer he had paid the defendants' money for the posts.

Assignment No. 26 goes to the ruling of the court in permitting defendants to ask the same witness on cross-examination if he had not used $180 which was in his possession, belonging to the Catholic church, toward the purchase of these posts. This evidence was entirely immaterial and its sole tendency was to prejudice the jury against him. It should not have been allowed.

Assignment No. 27 is to the same effect as No. 25, and what is there said applies to this question.

We see no error in the court allowing the question answered as set forth in assignment No. 33. Appellant contends that the question should not have been answered, for the reason that it was an attempt to show an offer of compromise. It does not sufficiently appear from the record that this was in connection with any offer of compromise to justify its exclusion.

Assignment No. 35 is urged against the action of the court in requiring the following question answered by plaintiff, L. S. Kroetch, on cross-examination: "How many booms did you get out with the intention of selling to other parties than the Empire Mill Company?" This question was wholly immaterial and should not have been allowed.

This disposes of all the questions raised on this appeal. Many of the assignments of error have been disposed of in this opinion without setting forth the questions asked and the rulings of the court, for the reason that their incorporation in the opinion would be of no benefit to the profession and would only result in encumbering the record with many additional pages of valueless matter.

The judgment is reversed and cause remanded. Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.