Caldwell v. Skinner.

No. 20,862.

SAM C. CALDWELL and EDITH CALDWELL, *Appellees,* V. C. D. SKINNER and J. H. GAYHART, Partners, etc., *Appellants.*

### SYLLABUS BY THE COURT.

WAREHOUSEMAN—*Goods Received—Goods Destroyed by Fire—Liability of Warehouseman—Burden of Proof.* Where goods are delivered in good condition to a warehouseman for hire and it is shown that they have not been delivered on demand and payment of charges by the depositor, but have been destroyed by fire while in the custody of the warehouseman, the burden is upon him to absolve himself from negligence by showing a lawful excuse for his failure to deliver the goods in compliance with the demand.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 12, 1917. Affirmed.

*D. R. Hite,* of Topeka, for the appellants.

*J. M. Stark,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiffs stored goods with defendants, who were warehousemen, and the goods not being returned on demand, this action was brought to recover the damages sustained.

In the first cause of action plaintiffs alleged the storage for hire of goods of the value of $3500, the agreement by the defendants to keep them safely and deliver them to plaintiffs on demand, the payment of storage charges and the failure of defendants to redeliver the goods on demand. In the second cause of action it was alleged that representations were made by defendants that they carried insurance on their property for the benefit of their patrons; that the warehouse was fireproof and that insurance by plaintiffs was unnecessary, and that plaintiffs relying on these representations did not obtain insurance on their goods. It was alleged that the representations were false and that a fire occurred which destroyed the plaintiffs' goods, and that by reason of the false representations of the defendants and the plaintiffs' reliance thereon they suffered a loss of $3500 for which they ask judgment. The

defendants filed an answer, and in the' second defense alleged "that any property of the plaintiffs stored in defendants' warehouse was wholly destroyed by fire in October, 1912." To this defense plaintiffs filed their demurrer, which the court sustained, and from that ruling this appeal is taken.

, It is insisted by the defendants that it was enough for them to allege the destruction of the goods by fire while they were stored in their warehouse, and that it was unnecessary to allege that the fire and consequent loss was without fault on their part. It is argued that negligence is not presumed, and when it was shown that the goods were destroyed by fire the burden was then upon the plaintiffs to show that the fire was due to the negligence of the warehousemen. Cases are cited by defendants which tend to sustain their view, and there is a conflict of authority on the question, but the legislature has provided a different rule for establishing claims of this character. In the act relating to warehouses it is provided that in the absence of lawful excuse the warehouseman upon demand must deliver the goods, upon the payment of the warehouseman's lien, a surrender of the warehouseman's receipt and an acknowledgment of the delivery. It then provides:

"In case the warehouseman refuses or' fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal." (Gen. Stat. 1915, § 4422.)

Under the statute, if it be shown that goods were delivered to the warehouseman in good condition and destroyed, lost or returned in a damaged condition, it then devolves upon him to acquit himself of negligence; that is, to show a lawful excuse for his failure or refusal to deliver the goods in compliance with the demand. Doubtless the legislature considered that the warehouseman who had control of the premises and the goods entrusted to his care was better situated than the depositor to know the facts and circumstances under which the destruction, loss or damage occurred, and is best able to prove them.

In *Wiley v. Locke,* 81 Kan. 143, 105 Pac. 11, goods were delivered to a warehouseman who stored them in a building less secure than the one he agreed to keep them in and they were destroyed by fire. In determining his liability it was held that

he was not an insurer of goods received, nor required to provide a building secure from danger, from within or without, that could not be foreseen or provided against, but that in the absence of an express agreement he is required to exercise reasonable care to protect and preserve the property entrusted to him for safe-keeping. In the course of the opinion it was said that "when the appellee proved that he had entrusted his goods to the appellants, who were unable to return them because they were burned, it then devolved upon the appellants to show that the loss did not occur through any want of care on their part." (p. 147.)

Plaintiffs' demurrer to the defendants' second defense was rightly sustained and the judgment of the district court is therefore affirmed.