Coös,
Dec. 3, 1918.

FAMOUS PLAYERS FILM CO. OF NEW ENGLAND

*v.*

JACOB M. SALOMON.

If the performance of a contract is prevented directly or indirectly by the act of the promisee, its non-performance will be excused.

If one furnish to another for hire an article for a certain purpose, there is an implied warranty that it shall be reasonably fit to use for that purpose.

PLEA OF LAW, to recover seven hundred and fifty dollars for a moving picture film. Trial by jury and verdict for the defendant. The plaintiffs made a contract with the defendant to furnish him moving picture films. The fourth clause of the contract, the only part material to this action, was as follows: "It is understood that no title or ownership to any of the films, reels, or personal property of any description shall pass under this agreement, but shall remain un-

affected thereby, and that the exhibitor shall receive hereunder only the rights of exhibiting the same in the theatre or place, and on the day or days specified in the application and not otherwise, and shall have no other rights therein whatever; and all property furnished hereunder shall be returned in the same condition as received by the exhibitor, who shall be liable for any and all damage to any property referred to, except for necessary wear. In the event that the films are injured in any way the exhibitor agrees to pay promptly fifteen cents for each and every linear foot of said motion picture film which may be required to restore production to as good condition as before.".

A film was shipped by the plaintiffs and received by the defendant under this contract. While the film was being used by the defendant in his theater, it caught fire and was totally destroyed. At the close of the plaintiffs' evidence, and again at the close of all the evidence, the plaintiffs moved for a directed verdict for seven hundred and fifty dollars. The motions were denied and the plaintiffs excepted. There was evidence tending to establish that the film when shipped by the plaintiffs was not in a reasonably suitable condition for the defendant's use and that such condition contributed to its destruction.

Subject to exception, the defendant introduced a bill which the plaintiffs had rendered the defendant for four hundred dollars, for the film that was destroyed. An exception was taken to the charge of the court relating to damages.

Transferred from the December term, 1917, of the superior court by Sawyer, J.

*Edgar M. Bowker* and *William C. Eaton* (of Maine) (*Mr. Bowker* orally), for the plaintiffs.

*Drew, Shurtleff, Morris & Oakes* and *Arthur C. Aldrich* (*Mr. Oakes* orally), for the defendant.

PLUMMER, J. The plaintiffs' motion for a directed verdict at the close of their evidence was based upon the ground that the defendant's liability was absolute under clause four of the contract, it having been established that the film had been destroyed while it was in the defendant's possession. The motion for a directed verdict at the conclusion of all the evidence was based upon the same ground, also that the evidence did not warrant a verdict for the defendant. These motions raise the question whether the defendant

under his contract with the plaintiffs can make any defence to this action to recover the price stipulated in the contract for the film destroyed by fire.

While the performance of the terms of a contract can ordinarily be fully required, still if it can be shown that the performance of the contract was prevented directly or indirectly by the act of the promisee, its non-performance will be excused. "He who prevents a thing may not avail himself of the non-performance which he has occasioned." *Vandegrift* v. *Company*, 161 N. Y. 435, 443; *Patterson* v. *Meyerhofer*, 204 N. Y. 96, 100; *Blake* v. *Niles*, 13 N. H. 459, 460; *Kimball* v. *Railroad*, 23 N. H. 579, 582; *Smith* v. *Railroad*, 36 N. H. 458, 494; *Rixford* v. *Smith*, 52 N. H. 355, 360, 362; *Theobald* v. *Burleigh*, 66 N. H. 574.

It is a principle of law well recognized and fully established that if one furnishes to another for hire an article for a certain purpose, there is an implied warranty that it shall be reasonably fit to use for that purpose. *Deming* v. *Foster*, 42 N. H. 165, 173; *Gagnon* v. *Dana*, 69 N. H. 264, 267; 6 C. J. 1117. The defendant could make the defence that the film was destroyed by fire through the act of the plaintiffs in sending to him a film unfit to use, and in such a defective condition that its proper and reasonable use caused its destruction by fire. In other words, that the conduct of the plaintiffs was responsible for the non-performance of the contract by the defendant. The plaintiffs mainly rely upon the contention that under the contract there was no defence to their action. They say, however, if this position is untenable, that they were still entitled to a directed verdict, because there was no evidence upon which the jury could find that the film was defective or that its defective condition occasioned its destruction. This claim cannot avail the plaintiffs. The evidence warranted the jury in finding that the film was defective, and that its destruction by fire was caused thereby. The evidence and that part of the court's charge to which exceptions were taken related to damages. As the jury did not reach the question of damages, there is no occasion to consider these exceptions.

*Exceptions overruled.*

All concurred.