(No. 4590.  May 19, 1927.)

## S. A. CLUER, Respondent, v. M. J. LEAHY, Appellant.

[256 Pac. 760.]

CLAIM AND DELIVERY—BAILMENT—PRIMA FACIE CASE—TRIAL—BURDEN OF PROOF—ADMISSIBILITY OF REBUTTAL TESTIMONY.

1. In action to recover for value of certain sheep which plaintiff had placed in defendant's care, evidence of delivery of sheep to defendant with failure to return them on demand *held* to establish a *prima facie* case.

2. Burden of proof is on bailee to explain failure to redeliver property given to his care, on demand for same.

3. In action to recover value of certain sheep which plaintiff had placed in defendant's care, rebuttal testimony relative to figures on barn representing number of sheep belonging to plaintiff was admissible to counter defendant's testimony relative to employees making figures thereon on occasion of count of sheep.

4. Relevant testimony is admissible in rebuttal, though tending to support case in chief.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. Raymond L. Givens, Judge.

Action in claim and delivery. Judgment for plaintiff. *Affirmed.*

R. M. Angel, for Appellant.

"The burden of proof rests on plaintiff to show negligence on the part of defendant." (29 Cyc. 597; *Holt v. Spokane & P. R. Co.,* 4 Ida. 443, 40 Pac. 56.)

"It is incumbent on the plaintiff to make a *prima facie* case in his favor, showing that the demand claimed by him resulted from the negligence of the defendant, and where it affirmatively appears from his own evidence that the want of prudence on his part was the proximate cause of injury, he cannot recover. (*Dufour v. Central Pac. R. Co.,* 67 Cal. 319, 7 Pac. 769.)

"The burden rests on the plaintiff not only to prove that defendant was negligent, but also that such negligence was the proximate cause of his injury." (29 Cyc. 589, 600; *Hopkins v. Utah Northern R. Co.,* 2 Ida. (277) 300, 13 Pac. 343.)

Publisher's Note.

1. See 3 R. C. L. 151.

2. See 3 R. C. L. 152.

4. See 26 R. C. L. 1041.

See Bailments, 6 C. J., p. 1158, n. 88, p. 1160, n. 93, 94.

Trial, 38 Cyc., p. 1343, n. 17, 18, p. 1344, n. 19, p. 1355, n. 30.

Frank Croner, for Respondent.

"Proof of loss or injury establishes a sufficient *prima facie* case against the bailee to put him upon his defense. Where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negligence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part." (6 C. J., pp. 1158–1160, and cases there cited.)

T. BAILEY LEE, J.—Plaintiff, S. A. Cluer, filed his complaint against defendant, M. J. Leahy, seeking to recover, in his first four causes of action, for labor performed and for goods sold and delivered; and in the fifth to recover for the value of certain sheep which plaintiff had placed in defendant's care for pasturing and feeding in the mountains north of Camas Prairie, in Camas county. Defendant answered, denying the allegations of the complaint and setting up a counterclaim for pasturing and caring for plaintiff's sheep during the years 1920, 1921 and 1922. The cause was tried to the court without a jury, and at the trial plaintiff's first four causes of action were not disputed, nor was defendant's counterclaim, except an item of $7.77 for damages. Findings and conclusions having been waived by the parties, the court rendered judgment for plaintiff in the sum of $435.28 and costs.

Defendant has appealed, assigning as error (1) the admission by the court of the testimony of plaintiff as to certain marks upon a barn which plaintiff saw for the first time ten months after they were presumably placed there by some person not disclosed by the evidence, and to which defendant objected; (2) that the evidence is insufficient to warrant the court in rendering its judgment against the defendant; and (3) that the court erred in rendering its judgment against the defendant.

[1] The contest is over the fifth cause of action wherein defendant is charged with having failed to account for 69

head of plaintiff's sheep. Plaintiff testified that on or about November 24, 1922, pursuant to agreement between himself and defendant, the latter took charge of 130 head of plaintiff's sheep to pasture and care for during the winter season. As to his claim that there were 130 head in the band, he is to an extent corroborated by one, Grant Terry, who helped drive them from the Cluer ranch to the hills where they were turned over to defendant. Terry testified positively that he turned over 120 head to Leahy's sheepherder, and that he told Leahy, who, at the time, "was sitting up in the car at the bottom of the trail," there were 120 head. Plaintiff testified that on February 15, 1923, demand was made on defendant for the return of the sheep and that only 61 of the 130 head were turned over to him, showing 69 head unaccounted for. Plaintiff thus established a *prima facie* case.

"The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient *prima facie* case against the bailee to put him upon his defense. Where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negligence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part." (6 C. J., 1158, sec. 160.)

And further: "The burden of proof of showing negligence is on the bailor and remains on him throughout the trial. The presumption arising from injury to the goods or failure to redeliver is sufficient to satisfy this burden and make out a *prima facie* case against the bailee." (Id.)

On the question of burden of proof in cases of bailment this court has declared, in *Bates v. Capital State Bank,* 18 Ida. 429, 435, 110 Pac. 277, that:

"In an action against a depositary, the burden is on the depositor to prove the bailment and a failure or refusal to return the property on demand. If a failure or refusal to return the property on demand is shown, it becomes in-

cumbent upon the depositary to return the same, or show satisfactory explanatory circumstances or facts in defense.''

There is no evidence in the record satisfactorily explaining the loss of the sheep—no direct proof of negligence, each party evidently proceeding under the theory that the burden was upon the other, for defendant states in his brief: ''There is an admitted loss of sheep, but nothing in the testimony of either plaintiff or defendant to show what became of them,'' while plaintiff says: ''It was up to defendant to show that it was not his negligence, default, or other act that prevented their return, and not for the plaintiff to show what had become of the sheep.''

[2] It seems well settled that the burden of proof is upon the bailee, upon a failure to redeliver on demand property given into his care, to explain such failure, and in this case that burden was upon the defendant after plaintiff proved the bailment, demand for return and failure of defendant so to do.

[3] The court did not err in permitting plaintiff to testify that in June, 1922, at the Glasgow ranch, he noticed figures on a barn representing the number of sheep belonging to him as ''104.'' This was rebuttal testimony introduced to counter defendant's testimony that on December 19, 1922, two of defendant's employees made the figures on the barn upon the occasion of a count of the sheep at that time; that only 16 of plaintiff's sheep were counted; that ''there might have been an approximation there; somebody figuring up,'' and that if they did count plaintiff's sheep and put the figures on the barn, he did not remember it.

''Either party is entitled to introduce evidence to rebut that of his adversary, and where a party offers relevant testimony in rebuttal, it is error to reject it, although it tends to support his case in chief.'' (38 Cyc. 1343.)

[4] Although the testimony was not rejected in this case, the converse of the above rule is equally true; it was not error to permit its introduction.

Defendant having failed to account for the loss of plaintiff's sheep, and there being no error in the reception of

evidence tending to establish the number lost, the judgment is affirmed. Costs to respondent.

Budge and Taylor, JJ., concur.

Wm. E. Lee, C. J., did not participate in the decision.