(No. 5911. July 13, 1933.)

J. M. BRYANT, Respondent, v. CLEARWATER TIMBER COMPANY, a Corporation, Appellant.

[24 Pac. (2d) 46.]

Tannahill & Durham, for Appellant.

A. H. Oversmith and Frank F. Kimble, for Respondent.

GIVENS, J.—After some preliminary negotiations with Mr. Portfors, a garage owner in Orofino, Tom Kinney, logging superintendent of the appellant, leased for appellant from respondent a five-ton G. M. C. truck at $10 a day, not in excess of $400 worth of repairs to be made on the truck before delivery to appellant, to be paid in the first instance by appellant, but to be deducted from the rental paid respondent by appellant.

Upon the return of the truck by appellant to respondent this action was instituted to recover $1,600 as the alleged market value of the truck when delivered by respondent to appellant, on the claim that appellant had, by careless and negligent use thereof, practically destroyed its entire value.

The jury found in favor of respondent in the sum of $400, the exact amount Mr. Portfors stated would be necessary to put the truck in as good condition as when delivered to appellant.

Appellant contends that respondent's theory as adopted by the court was that appellant was an insurer; in other words, required to make good any defect in the car, whether due to appellant's negligence or carelessness, or otherwise.

The assignments of error do not complain of any instruc-

tion, and deal only with the sufficiency of the evidence, and criticism of the above theory.

The pleadings and instructions do not sustain appellant's contention as to this theory, but indicate that so far as the law of the case is concerned, respondent's pleadings and the instructions of the court coincide with appellant's own announced rule of responsibility.

Respondent alleged, paragraph two, as follows:

"That said defendant (appellant) further agreed to make all necessary repairs upon said truck so as to keep the same in good running and operating condition during the time the same was in use by the said defendant, save and except such wear and tear as the tires would sustain by its use in timber operation purposes."

Appellant denied this portion of the complaint, and in its affirmative answer set up that the truck at the time it was received by appellant was not in fit or serviceable condition for the purpose for which it was to be used, such purpose being known to respondent, and that there were hidden, fraudulently undisclosed defects, which alone were responsible for the damage done.

While the court in his instructions to the jury, in instruction No. 2, evidently considered that there was a difference in the parties' conception of what the contract was, and though the quoted portion of the complaint, *supra*, be considered to allow for wear and tear only as to the tires, by instructions Nos. 4, 5, 6 and 7 the court fully presented appellant's theory, leaving it to the jury as to what the contract actually was, and stating in instruction No. 8 as follows:

"I instruct you that if you find that the defendant agreed to redeliver the truck in question in as perfect condition as when taken, it would be bound thereby; however, in the absence of an express agreement thereto, the defendant was bound to exercise only ordinary care in preserving the property, and would be liable to the plaintiff for a failure in this respect. If it took the property without such an agreement, all that would be required of the defendant would be

that it be returned in the condition taken, less reasonable wear, and less any damage that might have resulted when being used with ordinary care. The defendant would not be liable for anything more unless expressly agreed to.

"And if you find that there was simply an agreement for the use of the truck, without an agreement to return it in as good condition as when taken, in determining the amount of your verdict, if any, for the plaintiff, it should be the difference between the reasonable market value of the truck when taken, less any damages received without negligence or lack of ordinary care, and less whatever may be shown by the evidence to have been the depreciation by the ordinary use of the truck for the time it was in possession of the defendant, and used according to the agreement of the parties; that is, under such condition the defendant was required to exercise only ordinary care, that is, that care which a capable and reasonably prudent person engaged in the same business is accustomed to exercise."

In other words, the court placed on appellant only that duty ordinarily resting upon a bailee for the mutual benefit of both bailor and bailee, being thus a bailment for hire. (*Renfroe v. Fouche*, 26 Ga. App. 340, 106 S. E. 303; *Newman Co. v. Sanitary Dist.*, 210 Ill. App. 24; Shouler, Bailments, 3d ed., sec. 134, p. 140; 6 C. J., sec. 61, p. 1121, note 63.)

In connection with the sufficiency of the evidence, on page 23 of appellant's brief is this statement:

"By reason of the nature of the contract (that is, responsibility for reasonable wear and tear, and to put the truck in as good condition as when received, exclusive of liability for any hidden defects) when the respondent showed by testimony the condition in which the truck was returned (that is, badly damaged), he admittedly had proved a *prima facie* case of negligence on the part of appellant. It was then necessary for appellant to explain how the truck became damaged."

It is contended by appellant, that, having fully explained how the damage occurred, appellant is absolved from all

liability. It may be conceded that the authorities cited sustain such proposition if there is no dispute in the evidence, and if explanation and justification are so one sided that only one conclusion could, as a matter of law, be drawn therefrom. (*Carscallen v. Lakeside Highway Dist.*, 44 Ida. 724, 260 Pac. 162; *Glover v. Spraker*, 50 Ida. 16, 292 Pac. 613; *Hansen v. Oregon-Washington R. & N. Co.*, 97 Or. 190, 188 Pac. 963, 191 Pac. 655; *Hunter v. Ricke Bros.*, 127 Iowa, 108, 102 N. W. 826; *Kohlsaat v. Parkersburg & Marietta Sand Co.*, 266 Fed. 283, 11 A. L. R. 686; *Higman v. Camody*, 112 Ala. 267, 20 So. 480, 57 Am. St. 33.) But while the evidence is meager, we cannot say there is not sufficient evidence in the record to justify the jury in concluding that appellant was negligent in the use of the truck to such an extent as to be liable in the amount found, the main features of such culpatory acts being as follows: The testimony of Don Bryant for respondent, that when appellant's agent started to drive the truck back from appellant's camp to Orofino, during which trip the final injuries to the truck occurred, that from the noise it made when it left "there was something very badly wrong with it"; the testimony of Kelly, appellant's own employee, that when the connecting rod broke on this same trip, the brakes were not in such condition as to enable him to stop until the car had gone some little distance, during which time the action of the broken connecting rod in the cylinder and crank case caused at least a major part of the damage, the basis of the suit herein.

There was some testimony as to the loads carried on the truck, and while there is evidence as to the comparative loads carried by respondent when he ran the truck, the evidence is somewhat conflicting, and it was for the jury to consider whether the truck had been overloaded.

The jury was instructed that if there was a latent defect in the truck at the time it was delivered, appellant was not required to make the same good, which respondent concedes. (*Williamson v. Phillipoff*, 66 Fla. 549, 64 So. 269, 52 L. R. A., N. S., 412; *Collette v. Page*, 44 R. I. 26, 114 Atl.

136, 18 A. L. R. 74; *Famous Players Film Co. v. Solomon,* 79 N. H. 120, 106 Atl. 282; 6 C. J., sec. 61, p. 1122, note 66.)

If there was fraud and deceit on the part of respondent at the time the truck was leased, the jury was instructed that appellant was absolved from responsibility resulting from the effect of any such fraudulently concealed defects.

It is apparent, therefore, that the assignments are not well taken.

There are other questions discussed, which, however, are not directly responsive to the assignments of error, and are matters which are not necessary to a proper determination of the issues herein.

Judgment affirmed; costs to respondent.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.