186 P.2d 498

**BURT v. BLACKFOOT MOTOR SUPPLY CO., Inc., et al.**

**No. 7379.**

Supreme Court of Idaho.

Nov. 14, 1947.

550

Donald R. Good, of Blackfoot, for appellant.

Zener & Peterson, of Pocatello, for respondents.

BUDGE, Chief Justice.

September 12, 1945, appellant was the owner of a 1942 model Nash sedan, and on that date became involved in an accident sustaining damage to said car. In order to move the car after the accident it was necessary to secure a wrecker to convey the automobile to a garage where the necessary repairs could be made. September 13, 1945, appellant made arrangements with the Blackfoot Motor Supply Company to have the automobile towed to the company's garage. The car was taken into the possession of the company September 13th, and placed in the interior of its garage for storage awaiting the procurement of the repair parts, and remained in the garage from said date until October 29th when it was totally destroyed by fire which occurred in the garage.

The company owned and operated a tank truck containing compartments in which

gasoline was stored, and each compartment was fitted with a valve at the bottom thereof to permit drainage. The tank was brought into the garage by one of the employees of the company on October 29th. Respondent Cahoon, employed by the company as a mechanic, was directed to work on the tank for the purpose of repairing a defective drainage valve. For that purpose he secured a lighted electric light globe attached to an extension cord and hung it over the door of the metal box housing the drainage valve on the lower side of the tank truck. When the defective drainage valve was opened by Cahoon about two quarts or more of gasoline in the undrained compartment of the tank "busted loose and come out" and spread over the floor and immediately became ignited, resulting in the destruction of the entire garage building and appellant's automobile stored therein.

Appellant alleged specific acts of negligence upon which he relied for recovery. Respondents, in their answer, denied negligence. Upon the issues thus joined a jury was duly impaneled to try the cause. After submission of evidence on behalf of appellant, except as to value of the car, respondents moved the court for a directed verdict and also made a motion for nonsuit. Thereafter, and before the court ruled upon the motions, counsel for respective parties stipulated that the jury be discharged and the matter submitted to the court for determination. Whereupon the cause was reopened and evidence introduced to establish the value of the car. At the conclusion of all appellant's testimony the motion for nonsuit was renewed. Thereafter the court sustained respondents' motion for nonsuit and dismissed the action, from which judgment and order of nonsuit and dismissal this appeal was taken.

It is shown by the testimony of Cahoon that the tank truck was brought into the garage the morning of the 29th; after tuning up the motor of the truck he started to work on the valves of the tank; that Tom Smith, Jr., or respondent Kaiser, or both of them, reported to him that the tank had been drained before it was brought into the garage; that when he opened one of the valves two quarts of gasoline "busted loose and came out" and spread over the floor.

Fred Vogt, Chief of the Fire Department of the City of Blackfoot, testified, on cross-examination:

"Q. When you walked in the garage you saw him [Cahoon] there? A. Yes, I saw Mr. Cahoon there.

"Q. What did you say to him at that time? A. Asked what he knew about the origin of the fire.

"Q. What did he say? * * * A. Said Mr. Kaiser and I were working on the valves in this tanker, and I asked him what they were doing, and he said dismantling the valves, and had dismantled the first one and when went to dismantle the second one the gas gushed out there at that time and in

some manner the light globe at the end of the extension cord which was lighting this compartment was broken and that started the fire."

It is conceded that Cahoon had a light globe hanging there at the time of the explosion, but he denied that it broke as a result of the gasoline coming in contact with it, which would be a question of fact for the jury. There was sufficient evidence to submit to the jury, from which it would become their duty to determine the cause of the fire, and whether or not it started in the manner as alleged in plaintiff's amended complaint. Whether or not said fire was caused due to the negligence of respondents, with the resultant damage to plaintiff's property, were questions of fact for the jury.

The motion for nonsuit in the instant case falls under sec. 7-705, subd. 5, I.C.A., which is:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases: * * *

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case to entitle him to verdict or judgment."

As was said in Hill v. Bice, 65 Idaho 167, 175, 139 P.2d 1010, 1014:

"The rule is well settled in this jurisdiction that ' * * * trial courts should act cautiously and should carefully scrutinize all the evidence before granting a motion for nonsuit. * * * On a motion by defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove. * * *

" ' "It is a well-settled rule of this court that on a motion by the defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant is deemed to have admitted all of the facts of which there is any evidence, and all of the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant." * * *

" ' 'A plaintiff should not be nonsuited unless it appears that the evidence in his behalf, upon the most favorable construction the jury would be at liberty to give it, would not warrant a verdict for him.' Miller v. Gooding Highway Dist., supra [55 Idaho 258, 41 P.2d 625] and cases therein cited.

"It is reversible error for the trial court to grant a nonsuit where the plaintiff has made out a prima facie case. Idaho Mercantile Co. v. Kalanquin, 7 Idaho 295, 62 P. 925; Kroetch v. Empire Mill Co., 9 Idaho 277, 74 P. 868; Adams v. Bunker Hill etc., Min. Co., 12 Idaho 637, 89 P. 624, 11 L.R.A.,N.S., 844; Later v. Haywood, 12 Idaho 78, 85 P. 494. Likewise, a motion for nonsuit should be denied when reasonable minds might well differ concerning the evi-

dence introduced. Miller v. Gooding Highway Dist., supra; Finlayson v. Waller et al., 64 Idaho 618, 134 P.2d 1069."

In Adams v. Bunker Hill, etc., Min. Co., 12 Idaho 637, at 642, 89 P. 624, 625, 11 L. R.A.,N.S., 844, this court said: "The only question presented by the record for our determination is whether the evidence was sufficient to support a judgment on the findings of the jury in favor of the plaintiffs in case they so found on the proofs before them. Appellate courts do not favor nonsuits; the trend of modern decisions is to discourage them."

Briefly stated, the record establishes, by admission and proof, that appellant delivered, and respondent corporation received, the automobile for hire, and thereby became a bailee for hire; that it failed to return the automobile by reason of the fact that it had been destroyed by fire; that the corporation had the sole care and custody of the automobile from the time of delivery to it to the time of its destruction. The inference is that the origin of the fire was caused by gasoline fumes coming in contact with heat, resulting in the destruction of the automobile.

■ When a bailor sues the bailee to recover for loss or damage to bailed property and alleges and undertakes to prove negligence, the burden is upon him so to do.

■ Where the property is in the sole and exclusive possession of the bailee and is lost or damaged, a prima facie case is made by the plaintiff when he shows the property was bailed to the bailee and has not been returned on demand, or has been damaged. It is then incumbent upon the bailee to show that such loss or damage was without negligence upon his part. Rosendahl v. Lemhi Valley Bank, 43 Idaho 273, 251 P. 293; Cluer v. Leahy, 44 Idaho 320, 256 P. 760; Glover v. Spraker, 50 Idaho 16, 292 P. 613; Bryant v. Clearwater Timber Co., 53 Idaho 413, at page 417, 24 P.2d 46; 8 C.J.S. Bailments, § 50; Beck v. Wilkins-Ricks Company, 179 N.C. 231, 102 S.E. 313, 9 A.L.R. 554, and cases therein cited. See, also, Smith v. Economical Garage, 107 Misc. 430, 176 N.Y.S. 479; Morgan Millwork Co. v. Dover Garage Co., Del., 7 Boyce 383, 108 A. 62; Southern Garage Co. v. Brown, 187 Ala. 484, 65 So. 400; Travelers' Indemnity Co. v. Fawkes, 120 Minn. 353, 139 N.W. 703, 45 L.R.A.,N.S., 331.

■ It is sufficient to say that the failure of the bailee to return the property with the admission that it had been destroyed by fire, made out a prima facie case for appellant, and imposed upon respondents the duty of going forward with proof that it had discharged its duty of proper care while entrusted with the custody of appellant's automobile. From the evidence introduced it became a proper subject of inquiry which appellant was entitled to have investigated by the jury, and it was error to grant the motion for nonsuit where, as here,

554

appellant had made a prima facie case. Beck v. Wilkins-Ricks Company, supra.

■ Respondents attack, in certain particulars, the sufficiency of the third amended complaint upon which the cause was tried and to which no demurrer was interposed. It might be here observed that the insufficiency of the complaint is not a ground for nonsuit under the provisions of sec. 7-705, I.C.A. Strong v. Western Union Tel. Co., 18 Idaho 389, 109 P. 910, 30 L.R. A.,N.S., 409, Ann.Cas.1912A, 55; Ludwig v. Ellis, 22 Idaho 475, 126 P. 769; Mole v. Payne, 39 Idaho 247, 227 P. 23; Coulson v. Aberdeen-Springfield Canal Co., 39 Idaho 320, 227 P. 29; Carver v. Ketchum, 53 Idaho 595, 26 P.2d 139; Helgeson v. Powell, 54 Idaho 667, 34 P.2d 957.

Since this case must be reversed and remanded for a new trial, we will refrain from a further discussion of the facts.

■ Either party to the action should be permitted to amend his pleadings, if he desires to do so, to the end that a fair and impartial trial be had.

It follows from what has been said that the order sustaining the motion for nonsuit and the judgment dismissing the case must be reversed, and the cause remanded with instructions to grant a new trial, and it is so ordered. Costs to appellant.

GIVENS, HOLDEN, MILLER and HYATT, JJ., concur.