No. 37,544
No. 37,625

WALTER STRANGE, JR., *Appellee*, v. PRICE AUTO & SERVICE Co., a Corporation, *Appellant*.

(218 P. 2d 208)

Opinion filed May 6, 1950. ▮▮▮▮▮▮

*John F. Eberhardt,* of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter, Thomas E. Woods* and *Robert C. Foulston, Jr.,* all of Wichita, were with him on the briefs for the appellant.

*Ora D. McClellan,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox* and *Mearle D. Mason,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages to an automobile damaged in a fire while in defendant's garage where plaintiff had left it to be repaired. The appeal is from an order overruling defendant's demurrer to plaintiff's evidence and from the action of the trial court in discharging the jury and entering final judgment against defendant.

The petition, after the formal allegations, alleged ownership by plaintiff of a car of the value of $1,084.42; that on July 22, 1947, he delivered it to defendant for repairs; was given a claim check and defendant agreed to deliver the car to plaintiff after it was repaired; that defendant did repair it and on August 6, 1947, while the car was still in defendant's possession it was destroyed by fire and plaintiff was damaged in the amount of $1,422, which damages were caused by the negligent acts of defendant, in that the building and certain dangerous and inflammable instrumentalities were in the exclusive possession and control of defendant, its agents and employees, and defendant, its agents and employees had the duty toward the plaintiff of operating its place of business so that it would be in condition at all times to perform this function of storing defendant's customers' cars and that in ordinary instances no injurious occurrences, as detailed in the petition, were to be expected unless from the careless maintenance or operation of the building and equipment and that all the facts and circumstances surrounding the installation, maintenance and operation of the building and equipment were exclusively within the knowledge of the defendant and plaintiff's car would not have been burned if due care had been used by the defendant; that its burning was due to some negligent act or acts of the defendant,

the exact nature of which was unknown to plaintiff; that plaintiff's car before the fire was worth $1,422 and afterwards worth only $30 as salvage when it was returned to plaintiff.

The defendant answered first with a general denial. It then admitted receiving the car for repairs and that it was destroyed by fire but denied the fire was caused by its negligence.

The reply was a general denial.

The plaintiff testified about leaving his car with the defendant and presenting his claim check and being told his car had been damaged by a fire that destroyed the building where it was stored; that the defendant occupied the entire building at 301 South Topeka, in Wichita; that someone named Dick Price had the south end of the building; that there was no dividing line between the two.

On cross-examination, he testified that many other cars were destroyed in the fire.

Called as a witness for the plaintiff, Mr. Price, the manager of the defendant, testified the only gasoline in the place was used in the automobiles that were stored there, and that some distillate was stored in the building; that there was no one else in charge of the building than the Price Auto Company and its agents; that it had been in the building since 1916 and no other fire had occurred.

At this point the parties agreed a named witness would testify the value of the car was $1,350 on the day before it was damaged in the collision. The plaintiff had testified it was worth $1,050 to $1,110.

At this point plaintiff rested and the defendant demurred to the evidence for the reason that it failed to show a cause of action in favor of the plaintiff and against the defendant. The defendant also moved for judgment. The court asked defendant if it was admitting the Price Auto Sales Company had full control of the building. Counsel stated it was not but was going to stand upon the demurrer. Court was then adjourned until 2 p. m., at which time the demurrer was argued. At the conclusion of this argument, which occurred on January 30, 1948, the court took the demurrer under advisement and dismissed the jury. On June 28, 1948, the court advised counsel it would hold the demurrer was not good, and directed a journal entry to be prepared. A journal entry was submitted for approval overruling the demurrer and entering judgment for plaintiff in the amount of $1,154.42. The parties were unable to agree upon this journal entry and a hearing was had by the court. While negotia-

tions were going on about this journal entry almost two months had elapsed since the court advised counsel it was overruling the demurrer, so defendant filed a notice of appeal from that order. On December 27, 1948, the court having heard arguments signed a journal entry reciting the steps in the trial; that defendant demurred to evidence of plaintiff because it failed to prove a cause of action and announced in open court that whether the demurrer was sustained or overruled it would not introduce any evidence but would stand upon its demurrer; that no objections being made the jury was discharged and after argument of counsel the demurrer to the evidence was taken under advisement; that thereafter the demurrer was overruled. Judgment was entered for the plaintiff in the amount of $1,020.

The defendant has appealed from that judgment.

The above accounts for the two appeals. They were consolidated in this court.

The defendant's specifications of error are the overruling of the defendant's demurrer to plaintiff's evidence and holding that the doctrine of *res ipsa loquitur* was applicable, in holding that proof of the mere fact a fire of unknown origin destroyed defendant's garage and plaintiff's automobile required the entry of judgment against the defendant in the absence of evidence introduced by defendant; in rendering final judgment in favor of plaintiff and against the defendant without submitting the issues of negligence and damages to the jury and without making any finding of negligence.

Defendant states its position thus: Plaintiff was the bailor, defendant the bailee; plaintiff had the burden throughout the trial of proving negligence of defendant; he failed to sustain the burden of proof even though he had made out a prima facie case by proving defendant's failure to deliver because his own proof showed defendant's inability to return was due to a fire which destroyed defendant's building and its contents, including plaintiff's car, and since fires commonly occur without negligence *res ipsa loquitur* was inapplicable and there was no presumption of negligence. Plaintiff states his position, as follows: The bailor delivered his car to bailee who returned it in a damaged condition. He states the question is— Did the fact there was additional proof of destruction by fire in his case in chief constitute a complete defense to the action so as to make a demurrer to his evidence good or did the bailee, defendant, have

the duty at that point of going forward with evidence to prove circumstances of the fire sufficient to show at least prima facie that it exercised due care?

Defendant directs its argument to demonstrating that plaintiff did not prove a case under either the doctrine of *res ipsa loquitur* or the law of bailments. It cites opinions dealing with each theory. In many of these opinions the two theories are confused somewhat. We have concluded to deal with the appeal under the law of the duty owed by a bailee for hire to the bailor or to state the matter another way, the liability of a bailee for hire when the property of the bailor is damaged while in the bailee's possession and under his care.

There is no question here but that the plaintiff, bailor, proved the bailment and failure to return the property on demand, except as greatly damaged, and of value only as salvage and that this failure to deliver was caused by fire which destroyed the building. It may be stated at the outset that a bailee is not the insurer of the bailed property. He owes the duty to exercise due care only. It may also be stated in an action such as this the burden of proof of negligence is on plaintiff and never shifts. The real question is whether the bailment presumption when applied to the facts in this case required the defendant when plaintiff had established the above to go forward with the evidence sufficient to establish prima facie the fire was not caused by its negligence. The defendant offered no evidence whatever. It rests its defense on the fact that plaintiff's evidence established loss by fire.

We dealt with the question in *Wiley v. Locke*, 81 Kan. 143, 105 Pac. 11. That was a case where household goods had been received by the defendant for storage for hire. There was evidence in the case that the bailee represented they would be stored in a wooden building. The court, however, instructed the jury that it was the duty of the bailee to furnish a building which would be reasonably safe for storage and if the building was unsafe and the property stored therein damaged or destroyed by fire, the bailee should be held liable for the loss if he failed to exercise due care in furnishing the building. Defendant argued this was error. In dealing with that argument, we said:

"When the appellee proved that he had intrusted his goods to the appellants, who were unable to return them because they were burned, it then devolved upon the appellants to show that the loss did not occur through any want of care on their part."

We also considered the question in *Caldwell v. Skinner*, 100 Kan. 567, 164 Pac. 1166. That was a case where goods had been stored in a warehouse and were destroyed by fire. The plaintiffs alleged the storage of the goods and the failure of the defendants to re-deliver them on demand. The defendants answered that the goods stored in defendant's warehouse were totally destroyed by fire. Plaintiffs demurred to this answer. The court mentioned what is known as the Warehouse Act. It is now G. S. 1935, 82-101 to 82-209. With many of these sections we are not concerned. We are, however, concerned with section 82-108. That section provides, as follows:

"A warehouseman in the absence of some lawful excuse provided by this act, is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, if such demand is accompanied with (a) an offer to satisfy the warehouseman's lien; (b) an offer to surrender the receipt, if negotiable, with such endorsements as would be necessary for the negotiation of the receipt; and (c) a readiness and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the warehouseman. In case the warehouse-man refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the ware-houseman to establish the existence of a lawful excuse for such refusal."

It should be noted the section first provides that a warehouseman is required in the absence of "some lawful excuse" to return the property. It should be further noted that at the end of the act in order to excuse failure to deliver, the burden is upon the warehouse-man to establish the existence of a "lawful excuse." After mention-ing the latter part of the above quoted section, we stated in the Caldwell case, *supra:*

"Cases are cited by defendants which tend to sustain their view, and there is a conflict of authority on the question, but the legislature has provided a different rule for establishing claims of this character. . . . Under the stat-ute, if it be shown that goods were delivered to the warehouseman in good condition and destroyed, lost or returned in a damaged condition, it then devolves upon him to acquit himself of negligence; that is, to show a lawful excuse for his failure or refusal to deliver the goods in compliance with the demand. Doubtless the legislature considered that the warehouseman who had control of the premises and the goods entrusted to his care was better situated than the depositor to know the facts and circumstances under which the de-struction, loss or damage occurred, and is best able to prove them."

Counsel for appellant argue strenuously that this changed the common law rule as to the duty upon warehousemen. It should be noted, however, in *Wiley v. Locke,* supra, which was the law at

that time, we held the duty devolved upon the bailee to go ahead with the evidence and show that the fire was not caused by its negligence. In *Caldwell v. Skinner,* supra, we held the showing of fire did not in and of itself constitute showing a lawful excuse.

The plaintiff cites and relies on many authorities upholding this argument.

*Burt v. Blackfoot Motor Supply Co.,* 67 Idaho 548, 186 P. 2d 498, is a case where a bailor's automobile was totally destroyed by fire. The trial court held in agreement with the theory contended for by defendant here. In that case plaintiff had showed the leaving of the car with the defendant; that it was destroyed by fire and some circumstances about the fire. On appeal the supreme court reversed and said:

"Where the property is in the sole and exclusive possession of the bailee and is lost or damaged, a prima facie case is made by the plaintiff when he shows the property was bailed to the bailee and has not been returned on demand, or has been damaged. It is then incumbent upon the bailee to show that such loss or damage was without negligence upon his part. . . . It is sufficient to say that the failure of the bailee to return the property with the admission that it had been destroyed by fire, made out a prima facie case for appellant, and imposed upon respondents the duty of going forward with proof that it had discharged its duty of proper care while entrusted with the custody of appellant's automobile. From the evidence introduced it became a proper subject of inquiry which appellant was entitled to have investigated by the jury, and it was error to grant the motion for nonsuit where, as here, appellant had made a prima facie case."

In *Ins. Co. v. Constantine,* 144 Ohio St. 275, 58 N. E. 2d 658, a car was stolen from a parking lot. The bailee contended that once it had been shown that the car was stolen it was not responsible for its loss. The plaintiff explained in its case in chief the loss of the automobile by theft and the defendant argued this was entirely consistent with due care on the part of the defendant. The plaintiff alleged no negligence and proved none. The court said:

"The rule supported by the weight of authority may be stated thus: A bailee may ordinarily rebut the presumption of negligence or lack of due care by proof of loss arising from theft or fire. Where, however, the bailee proves loss of the bailed article by theft but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not rebut the presumption of negligence arising from his failure to return the bailed property."

The court further referred to *Commercial Corp. v. N. Y. Barge Corp.,* 314 U. S. 104, 86 L. Ed. 89, 62 Sup. Ct. 156, where it was said:

"The burden of proof in such a case does not shift with the evidence, but remains with the bailor, who must prove his case by a preponderance of all the evidence."

The court further said, in *Ins. Co. v. Constantine*, supra:

"It is therefore our conclusion that in an action brought by a bailor against a bailee for hire, a prima facie case is established where the bailor proves delivery of the bailed property in good condition and the failure of the bailee to redeliver upon legal demand. Upon proof of such state of facts the burden of proceeding with the evidence shifts to the bailee to explain his failure to redeliver, and where the bailee proves loss of the bailed property by theft but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from his failure to redeliver. The burden of proof remains upon the bailor to prove by a preponderance of all the evidence that the bailee was guilty of negligence or failure to exercise due care."

In *Nichols v. Union Stock Yards & Transit Co.*, 193 Ill. App. 14, cattle had been destroyed by fire. In an action to recover damages the defendant showed that the cattle had been destroyed by fire. The court instructed the jury that the evidence did not show any negligence on the part of the defendant and the jury found for the defendant. The court of appeals stated the plaintiff's position, as follows:

"The plaintiff contends that proof of the loss or destruction of the cattle while in the custody and possession of the defendant as such bailee raised a presumption of negligence on the part of the defendant and cast upon it the burden of showing that it exercised ordinary care of the cattle and that the loss of the same resulted without its fault."

The court stated defendant's position, as follows:

"The defendant further contends that as it appears from the declaration of the plaintiff and from the evidence introduced in its behalf in its original case that the cattle were destroyed by fire, such fact prima facie rebuts the presumption of negligence that ordinarily arises in cases of bailments of this character, and casts upon the plaintiff the burden of showing negligence on the part of the defendant, and that the plaintiff has failed to successfully carry this burden."

The court further said:

"All the authorities seem to agree that the rule that there shall be a presumption of negligence in bailment cases like the present one, where there is a default in its delivery or accounting for the goods, is a just and necessary one, and we think that it works a destruction of this wholesome rule to permit the presumption to be overcome by mere proof that the goods were destroyed by fire. But we must enforce the law as we find it, and we are therefore compelled to hold that the position of the defendant on the question now before us for consideration is sustained by the authorities.

"As the plaintiff tried its case upon the theory that the presumption of negligence applied in this case and introduced no proof touching the care exercised by the defendant as to the cattle, the court would have been justified under the law in sustaining the defendant's motion to direct a verdict for it at the close of the plaintiff's evidence, but the defendant did not see fit to rest its case on the plaintiff's evidence, and it introduced proof in its defense, and the question for us to decide is, was there any evidence in the entire record from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that the defendant had not exercised ordinary care for the preservation of the cattle? If there was, the court had no right to direct a verdict for the defendant at the conclusion of all the evidence."

*Corrao v. Dewey Garage Corporation*, 24 N. Y. S. 2d 592, was a case where an automobile was stolen while it was stored in a garage. The same argument was made there as was made here. The court said:

"Any exercise of dominion over another's goods to his loss, is a conversion, and a bailee is liable to the owner for their value if he negligently delivers the goods to the wrong person. The bailee is bound, on request, to redeliver the thing bailed to its lawful owner, and while he may escape liability by showing that the goods had been lost without negligence on his part, he must so explain the loss. When there is a theft he is required, to evade liability, to show that the loss was 'by occurrence beyond his control', giving 'proof . . . of the circumstances of the loss, and at least prima facie evidence of due care on his part'; if he cannot return the property, he must 'explain the loss in some satisfactory way.'"

*Threlkeld v. Breaux Ballard, Inc.*, 296 Ky. 344, 177 S. W. 2d 157, 151 A. L. R. 708, was a case where the plaintiff had left her automobile with a garage company to be repaired. When she returned for her car she was informed it had been destroyed by fire. On the trial of her action she proved that she left her car to be repaired and that it had been damaged and the extent of the damages. The court directed the jury to return a verdict for the defendant. The defendant contended that under the law of bailments the plaintiff had to prove that the damage to her automobile was caused by the negligence of defendant. The court pointed out the conflict in the authorities and the court quoted from a former decision, that is, *Smith-Hager Ice Co. v. Reid*, 228 Ky. 489, 15 S. W. (2d) 504, where it has been said:

". . . 'but this contract created the relationship of bailor and bailee, and in such cases it is the general rule that the burden of proof is on the bailor to show that the loss or injury to goods was due to the negligence or other fault of the bailee. It is sufficient, though, if he proves facts from which such negligence or fault may be inferred so as to make a prima facie case. If it is shown that the goods were delivered to the bailee in good condition, he

will be liable for any loss or injury to them while in his custody, unless he affirmatively establishes that such loss or injury was not due to his failure to. exercise due care.'"

The court proceeded to discuss the whole question and during the course of the opinion pointed out it was common knowledge that fires often resulted from negligence and that property in the custody of a bailee may be damaged or consumed by fire caused by the negligence of the bailee as well as other negligence and pointed out how the tendency had been not to permit the bailee to escape liability by saying the loss was caused by fire. The opinion is of rare persuasiveness in this case. Fires of the type that destroyed plaintiff's car sometimes are caused by the negligence of an employee or agent of the owner of the building. Evidence of such is usually more readily available to the bailee than to the bailor. While investigations of fires of that sort in this state are made ordinarily by the local police or by the state fire marshal's office, the information thus obtained is not necessarily made public. It would be questionable if it would be made available to a plaintiff in a case of this sort. At least there would be no doubt the defendant would have it always within its power to ascertain the cause of the fire, whether or not it was due to negligence for which it was liable. It is thus within its power to rebut the case of the bailor, if there be such evidence.

Here the bailee, defendant, was in a better position than plaintiff to know the cause of the fire and to show it was not caused by his negligence, if such were actually the case. At the stage of the case where plaintiff rested the duty was on defendant to go forward with the evidence sufficient to show at least prima facie that there was no want of due care on its part. The case made by plaintiff did not fail, with the proof alone that the failure to return was caused by fire. The court ruled correctly in overruling defendant's demurrer to evidence. Were this the only question in the record the above conclusion would require affirmance of the judgment.

As we have stated, when the demurrer was argued the trial court took it under advisement and discharged the jury. Some months later it was overruled and the court gave judgment for the plaintiff for substantially the amount asked. Under the view of the case most favorable to plaintiff there still was undetermined as a question of fact the question of negligence of defendant and the amount plain-

tiff had been damaged. The order in which a trial is carried on is provided in G. S. 1935, 60-2909. Under those provisions when a demurrer to the evidence is interposed the trial court ordinarily rules upon it during the course of the trial and holds the jury until the defendant is afforded an opportunity to offer what evidence it cares to introduce. Here the orderly process of trial may be stated thus—plaintiff proved delivery of his car to defendant and its return to defendant on demand in a damaged condition on account of a fire which destroyed the defendant's building and damaged the contents.

The trial court at that time, as we have demonstrated, should have overruled the demurrer. Then the defendant would have been offered an opportunity to go forward with whatever evidence was available to it to establish prima facie that the fire was not caused by its failure to exercise due care. If it had been offered this opportunity and had stated that it had no such evidence to offer, then the proper course would have been for the trial court to submit the case to the jury under proper instructions. Had the defendant furnished evidence prima facie that the fire was not caused by its failure to exercise due care, then the burden would have been on the plaintiff to show that the fire was caused by the negligence of the defendant. The action could then have been submitted to the jury under proper instructions for the determination of the questions of fact presented.

On account of the above, the judgment of the trial court is reversed with directions to proceed with the trial of the cause.

WERTZ, J., not participating.