[L. A. No. 18271. In Bank. June 2, 1942.]

ROBERT L. SHEWARD et al., Plaintiffs and Appellants, v. PHILLIP M. VIRTUE et al., Defendants and Appellants; BULLOCK'S INC. (a Corporation), Respondent.

Betts & Garrison and Maynard Garrison for Plaintiffs and Appellants.

Murchison & Clopton, R. Bruce Murchison, Richard C. Hart and John B. Myers for Defendants and Appellants.

Joe Crider, Jr., and Elber H. Tilson for Respondent.

SHENK, J.—The plaintiffs, husband and wife, had judgment on a verdict for $4,750 against the defendants Virtue

Brothers and Bullock's Inc., for personal injuries suffered by the wife. The trial court granted a motion for new trial on behalf of Bullock's Inc., and denied a similar motion on behalf of Virtue Brothers. The plaintiffs have appealed from the order granting a new trial to Bullock's Inc., and Virtue Brothers have appealed from the judgment.

The wife, referred to herein as the plaintiff, sustained the injuries when a leather upholstered metal chair in the beauty parlor of Bullock's Inc. collapsed while she was sitting in it, and she was thrown to the floor. Virtue Brothers manufactured the chair and it was sold to Bullock's Inc. for use in the beauty parlor. The principal question arises on the appeal of Virtue Brothers and is concerned with the standard of care required of the manufacturer under the facts of the case.

■ No serious contention may be made by Virtue Brothers that they did not owe a duty of care toward the plaintiff in the manufacture of the chair because privity of contract between them was absent. The courts of this state are committed to the doctrine that the duty of care exists in the absence of privity of contract not only where the article manufactured is inherently dangerous but also where it is reasonably certain, if negligently manufactured or constructed, to place life and limb in peril. (*Kalash* v. *Los Angeles Ladder Co.*, 1 Cal. (2d) 229 [34 P. (2d) 481]; *O'Rourke* v. *Day & Night Water Heater Co., Ltd.*, 31 Cal. App. (2d) 364, 366 [88 P. (2d) 191].) The Kalash case involved a defective rung in a ladder. The present case involves a defective leg in a chair. A completed chair is ready for use when it leaves the factory and the manufacturer does not expect it to be subjected to new tests for the discovery of defects before such use. In the case of *S. Blickman, Inc.* v. *Chilton*, (Tex. Civ. App.) 114 S.W. (2d) 646, it was recognized that a counter chair was such an article as required the exercise of due care in its manufacture. The rule is as applicable to a defective chair as to a defective ladder. If there is any difference it is in the extent of the injuries which might be expected to result from negligent manufacture.

■ Virtue Brothers received rough iron leg castings moulded to their own patterns by another firm. It is conceded that freedom from negligence does not inure to the manufacturer because it purchased parts from another which were defective. (*Kalash* v. *Los Angeles Ladder Co., supra; McPherson* v. *Buick Motor Co.*, 217 N.Y. 382 [111 N.E. 1050, Ann. Cas.

1916 C, 440, L.R.A. 1916 F, 696].) Each batch of fifteen to twenty-five rough castings was polished on a rotator by one or more employees. They were then moved into the hands of other employees for submersion in a nickel sulphate solution, for buffing, for chromium plating, and for alkaline cleansers. The employees received no specific instructions to inspect the material for defects. Each man examined his work and if a defect appeared the casting was withdrawn from the batch. In the words of the defendant Virtue, ''we told our men to do their work. We do not tell them to look for defects . . . but if a man finds a defect it is understood that it should have been brought to our attention.''

The leg of the chair which collapsed showed an old crack discolored by acid immersions and oxidation. It was in evidence that such a fracture is not filled in the process of plating because of the presence of air bubbles, and that such a crack would become more apparent after plating. Fine grain castings of this type are subject to cooling or shrinkage cracks if in the casting and cooling processes a sufficient difference in temperature exists to prevent a state of equilibrium in the tension and compressive stresses; therefore, if the outside of the casting is cooled more rapidly than the inside a fracture such as the one here involved would be likely to occur.

On their appeal Virtue Brothers contend that the evidence does not support the verdict. The evidence is sufficient, however, to support the implied finding of the jury that the defect existed when the casting was in the possession of the manufacturer and while it was being handled by its employees in the necessary processes before it became a part of a completed chair; that the defect was discernable if a careful visual examination had been made; that no careful or any examination for fractures was made; that the manufacturer was negligent in failing to make such an examination and that its negligence was the proximate cause of the plaintiff's injuries.

Virtue Brothers further contend that a determination of the question whether they were negligent must be resolved by evidence of tests for discovering defects made by other manufacturers of similar articles. They argue that they should not have been required to make tests which were not customarily made by other manufacturers; that in the absence of evidence of what other manufacturers did to discover defects and that these appellants did not apply such tests, they may not be found guilty of negligence. Evidence of

that character was not introduced at the trial of this case. In fact the evidence was that no tests or special examinations for fractures were made by Virtue Brothers. Assuming that other manufacturers likewise made no special examination to discover fractures, such a custom would not excuse the failure of these appellants. A somewhat similar contention was rejected in the case of *Hughes* v. *Warman Steel Casting Co.*, 174 Cal. 556, 561 [163 Pac. 885]. In *Robinet* v. *Hawks,* 200 Cal. 265, 274 [252 Pac. 1045], this court said that the doctrine of customary usage does not apply to the question of legal duty under the law of negligence, or that the continuance of a careless performance of a duty would transform a party's negligence into due care. Likewise in *Anstead* v. *Pacific Gas & Electric Co.*, 203 Cal. 634, 638 [265 Pac. 487], a like contention was answered, with citation of authorities, by the statement that the general practice or custom would not excuse the defendant's failure unless it was consistent with due care. More recently in *Mehollin* v. *Ysuchiyama,* 11 Cal. (2d) 53, 57 [77 P. (2d) 855], this court said that one may not justify a failure to use ordinary care by showing that others in the same business practiced a similar want of care.

The appropriate standard of care applicable to the facts of the present case is expressed in *O'Rourke* v. *Day & Night Water Heater Co., Ltd., supra,* to the effect that if the defective condition of the part could have been disclosed by reasonable inspection and tests, and such inspection and tests had been omitted, the defendant has been negligent. In *Smith* v. *Peerless Glass Co., Inc.*, 259 N.Y. 292 [181 N.E. 576], it was held that reasonable care consisted of making the inspections and tests during the course of manufacture and after the article was completed which the manufacturer should recognize were reasonably necessary to secure the production of a safe article. Language in cases such as *Kalash* v. *Los Angeles Ladder Co., McPherson* v. *Buick Motor Company, and Smith* v. *Peerless Glass Co., Inc., supra,* referring to standards of care adopted by other manufacturers or the duty to use customary methods to detect defects, is not to be taken as requiring evidence of standards in use by others before the jury may find negligence in the particular case. Such evidence may be pertinent where the circumstances do not otherwise disclose the fact of negligence. But if, as stated, the evidence justifies the jury's finding that the defendants omitted to apply any standard of reasonable inspection or

other simple test which would have revealed the defect, and that the omission constituted negligence, the negligence would not be excused because other manufacturers did not make such tests. The language of the cases relied on by these appellants recognizes the duty of the manufacturer to exercise due care.

The plaintiffs apparently have not seriously pursued their appeal from the order granting the motion for a new trial on behalf of Bullock's Inc. They do not contend that there was any abuse of discretion on the part of the trial court in granting the motion.

The order granting the motion for a new trial as to Bullock's Inc., is affirmed. The judgment in favor of the plaintiffs and against Virtue Brothers is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.