*388
 
 Weygandt, C. J.
 

 Counsel have filed extended briefs in which the evidence is discussed at length. However, this court is not required to weigh the evidence.
 

 The defendant urges 16 assignments of error, but only one of them is of sufficient seriousness to require ■ discussion.
 

 In their amended petition the plaintiffs pleaded a contract of bailment, a tender of all charges, a proper demand for redelivery of the furniture, and a failure on the part of the defendant to redeliver the furniture in conformity with the terms of the contract.
 

 To the amended petition the defendant filed an answer admitting the receipt of the furniture and alleging that it was destroyed by fire without fault on the defendant’s part.
 

 A reply thereto was filed by the plaintiffs.
 

 The important question in the case arises from the charge to the jury. The trial judge stated that “the burden is upon the defendant to prove the existence of a lawful excuse for its failure to redeliver said goods upon demand, by a preponderance of all the evidence. ’ ’
 

 This is almost the exact language of Section 8464, General Code, adopted from the so-called Uniform Warehouse Receipts Act and reading in part as follows:
 

 “In case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the .holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal.”
 

 The defendant contends that this statute was intended simply to make warehouse receipts uniform and more readily negotiable and that it effects no change whatsoever in the common-law procedural rule imposing the usual burden of proof on the plaintiff bailor in an action against the bailee.
 

 
 *389
 
 However, tMs court is unanimously of the view that the language of the statute is as simple, clear and unambiguous as words can be made. It provides in inescapable terms that when a warehouseman refuses or fails to redeliver goods after a proper demand therefor, “the burden shall be upon the warehouseman” to establish the existence of a lawful excuse for such refusal. Hence, if words mean what they say, the General Assembly, in the exercise of its legislative power, has seen fit to provide that under such circumstances the burden shall be on the warehouseman; and it is not within the province of the judiciary to attempt to amend the statute by holding that such burden is not on the warehouseman but on someone else.
 

 That there is nothing novel or startling about this rule of law is clearly disclosed by a study of the authorities.
 

 In 6 American Jurisprudence, 447, Section 369, appears the following statement:
 

 “In Actions Based on Breach of Contract. Where the bailor relies upon the contract of bailment, and his right of recovery is not construed as predicated upon the bailee’s failure to exercise due care, as where he pleads simply the bailment, delivery thereunder, and failure to redeliver on demand or as agreed upon, without tendering the issue of negligence, the burden of proof to establish a breach of duty, which rests on the plaintiff throughout the trial, is merely the burden of showing the bailee’s failure to perform his contract to return the property. Since the bailee is liable upon his contract in such a case unless he offers a lawful excuse for his failure to perform, where he seeks to excuse his failure to redeliver on the ground that the property was lost, destroyed, or taken out of his possession without his fault or negligence, he offers an affirmative defense, and the burden rests upon bfm to establish, upon the whole case, by the required de
 
 *390
 
 gree of proof, Ms exercise of due care and a loss of the property notwithstanding; the ultimate burden of proving negligence in such a case should not, properly, be placed upon the bailor.”
 

 In 8 Corpus Juris Secundum, 342, Section 50, appears the following summary:
 

 “In some of the older decisions it was held that the loss or injury raised no presumption of negligence on the theory that, the bailee not being considered an insurer of the goods, the law which never presumes any man negligent would rather attribute the loss to excusable causes, and that it was not enough for plaintiff to prove the loss or injury, but that he must go further and must show that the same had occurred by defendant’s negligence. The rule adopted in other and the more modern decisions is that the proof of loss or injury establishes a sufficient
 
 prima facie
 
 case against the bailee to put him on his defense; and hence, where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost and not returned at all, the law presumes the bailee’s negligence or other fault to be the cause, and casts on the bailee the burden of showing that the loss was due to other causes consistent with due care on his part, this rule being regarded as an application of the principle of
 
 res ipsa loquitur,
 
 and if the bailee does not sustain such burden the bailor becomes entitled as a matter of law to a verdict in his favor.
 

 “The effect of this modern rule is not to shift the ultimate burden of proof from bailor to bailee, but merely to shift the burden of proceeding or going-forward with the evidence; the ultimate burden of establisMng negligence is on the bailor and remains on him throughout the trial.
 

 “In order to throw the burden of evidence on the bailee it is sufficient that the bailor has shown damag-e
 
 *391
 
 to the bailed article that ordinarily does not happen where the requisite degree of care is exercised.
 

 ‘ ‘ The presumption arising from injury to the goods or failure to redeliver is sufficient to satisfy the bail- or’s burden and make out a
 
 prima facie
 
 case against the bailee; but the bailee may overcome this presumption by showing that the loss occurred through some cause consistent with due care on his part, in which case he is entitled to the verdict unless the bailor affirmatively proves to the satisfaction of the jury that the loss would not have occurred but for the negligence of the bailee.”
 

 And in 40 Ohio Jurisprudence, 1315, Section 80, appears the following emphatic statement as to the rule in this state:
 

 “The statutory rule of Section 8464, General Code, removes all doubt from the question of the burden of proving the existence of a lawful excuse for nondelivery and places the burden squarely upon the warehouseman to establish, by a preponderance of the evidence, a lawful excuse for nondelivery.”
 

 That this is in conformity, too, with the general rule relating to bailments in this state is shown by the unanimous decision of this court in the case of
 
 Agricultural Ins. Co.
 
 v.
 
 Constantine,
 
 144 Ohio St., 275, 58 N. E. (2d), 658, involving a parked automobile. While the suit was not against a warehouseman, it was an action
 
 ex contractu,
 
 as in the instant case, and the fourth paragraph of the syllabus reads as follows:
 

 “In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand ' therefor, a
 
 prima facie
 
 case of want of due care is thereby established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver.”
 

 
 *392
 
 Among the numerous well-reasoned cases that might be cited from other jurisdictions is that of
 
 Traders Compress Co.
 
 v.
 
 Precure,
 
 107 Okla., 191, 231 P., 516, in which the court said:
 

 “Under the statute, the warehouseman is made liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he is not rendered liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of reasonable care, and if he fails or refuses to deliver the goods in compliance with a proper demand by the depositor or holder of the warehouse receipt, the burden is upon him to establish the existence of a lawful excuse for such failure or refusal.
 

 “This statutory provision works no radical change either in the law or procedure. The universal rule is that if one be sued on a contract of any character executed by him, he must, in order to avoid liability, show a lawful excuse for his failure to perform. This is an affirmative defense, the burden of proving which is cast upon him, and the statute does no more than provide what shall constitute this affirmative defense 'in actions within its purview. Hence, if an action be brought by the owner against a warehouseman upon the contract of bailment for the recovery of stored goods or their value, the warehouseman must excuse his failure to comply with the contract; this he may do by showing that the goods were lost and that the loss was due to causes consistent with due care on his part. This has been held to be the rule irrespective of statute. 6 C. J., 1158.”
 

 As observed in many of the reported cases, the obvious reason for the rule and the statute is that in
 
 *393
 
 such instances, with the property in the exclusive possession of the defendant, the plaintiff is at a disadvantage in obtaining information as to the cause of the loss, and hence the law considers that he makes a
 
 prima facie
 
 case of negligence by proof of the bailment and of the failure of the defendant to return the property on a proper demand.
 

 Thus, in the instant case the trial judge was not in error in charging the jury in substantially the language of the statute that the burden was on the defendant warehouseman to prove the existence of a lawful excuse for the failure to redeliver the furniture when properly demanded by the plaintiff; and the Court of Appeals was correct in affirming the judgment of the trial court.
 

 Judgment affirmed.
 

 Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.