**DENNING WAREHOUSE CO. v. WIDENER et al.**

**No. 3717.**

United States Court of Appeals Tenth Circuit.

Feb. 4, 1949.

John Eberhardt and George Siefkin, both of Wichita, Kan. (T. E. Mears, Sr., of Portland, N. M., and William A. Sloan, of Albuquerque, N. M., on the brief), for appellants.

G. L. Reese, Sr. and N. Randolph Reese, both of Roswell, N.M., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellees here sued the appellant Warehouse Company, a Kansas corporation, and Mose B. Jones, resident of New Mexico, alleging the commercial bailment of broomcorn in the Company's warehouse, supervised by Jones, the payment of the charges, demand and refusal of redelivery, and prayed damages for its value. The case was removed to the federal court on a separable controversy apparent upon the face of the pleadings.

The Warehouse Company and Jones filed separate answers, admitting the bailment, demand and refusal of delivery, but alleged that on or about the 20th day of September, 1947, a fire of unknown origin destroyed the warehouse in which the broomcorn was stored; that the broomcorn was totally destroyed without the fault or negligence of the defendants, and prayed that it be excused from redelivery.

At the pre-trial conference, it was agreed that the warehouse and broomcorn were completely destroyed by fire of an unknown origin. Based upon these facts and supporting affidavits, the Warehouse Company moved for summary judgment on the grounds that the fact of destruction by fire of an unknown origin absolved it of any liability as bailee, unless the bailors could affirmatively show that the fire was caused by the bailee's failure to exercise due care. The motion for summary judgment was denied, and at the inception of the trial, the court instructed the jury that the first question for their consideration was whether the Warehouse Company used due care— "such care as would be exercised by a person of ordinary prudence about his own affairs, in taking care of the broomcorn stored with them" and that "the burden * * * is upon the defendant to show that it did use such care." The Warehouse and Jones then proceeded to offer testimony tending to negative any lack of due care in the maintenance of the warehouse, after which the appellees offered rebuttal evidence to the effect that there was no night watchman at the place; that debris was permitted to collect in and around the building, especially under the floor or platform where the broomcorn was stored; and that parties were permitted to smoke inside the building where the broomcorn was stored.

At the conclusion of the evidence, the cause was submitted to the jury on special interrogatories, in answer to which they found that the appellant failed to use ordinary care as bailee for the stored broom-

corn, and that it was negligent, first, in failing to have a night watchman at the time of the fire, two, permitting inflammable trash to collect in the warehouse; and three, permitting smoking in the room where the broomcorn was stored; and that such acts were the proximate cause of the fire. Based upon these findings, the trial court entered judgment against the bailee for the value of the broomcorn.

On appeal, the bailee renews its exceptions to the instructions of the court placing the ultimate burden upon it of proving its freedom from negligence. It concedes that proof of bailment and refusal of delivery on demand creates a legal presumption of negligence, which, in the absence of countervailing evidence, entitles the bailor to a judgment as a matter of law. It is insisted, however, that the presumption being a legal one, born of necessity, completely disappears when the bailee comes forward with some explanatory evidence consistent with due care (in this case destruction by fire of an unknown origin), and it then becomes incumbent upon the bailor to prove lack of it by a preponderance of the evidence.

■ As Chief Judge Learned Hand puts it: "The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury". Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734, 736. Although there is some confusion and variation along the way, 6 Amer. Juris., Sec. 364, it is undoubtedly the great weight of decisional law that the so-called bailment presumption does not shift the burden of proving lack of due care from the bailor to the bailee, but merely calls upon the bailee to come forward with evidence sufficient to overcome the legal presumption. See Annotations 9 A.L.R. 59; 71 A.L.R. 767; 151 A.L.R. 717; 6 Amer. Juris. Secs. 364-381; 8 C J. S., Bailments, § 50, page 344.

■ Tempting as it is, we regard a discussion of the nice distinctions which have been drawn in the application of the rule, based upon pleadings, forms of actions and other considerations, as academic, since this cause of action arose in New Mexico, and this suit was brought under the Uniform Warehouse Receipts Act of that State. See New Mexico Annot. Stat. 1941, Section 53-801 et seq. Section 53-808 provides in presently material part that if a warehouseman, subject to the act, fails or refuses to make delivery upon demand, the burden shall be upon him to establish the existence of a lawful excuse for such refusal; and Section 53-821 provides in material part that a warehouseman shall be liable for any loss to goods caused by his failure to exercise reasonable care in regard to the goods, but in the absence of an agreement to the contrary, he shall not be liable for loss or injury which could not have been avoided by the exercise of such care.

The State of New Mexico has not had occasion to construe this Act, but a number of other states have had occasion to construe it in the light of the pre-existing or prevailing common-law rule. With only slight deviation, the courts have held that the plain and unambiguous language of the Act had the effect of changing the common-law rule to place the burden upon the warehouseman to show that in the exercise of ordinary care, he is unable to redeliver the bailed goods. Leckie v. Clemens, 135 Md. 264, 108 A. 684; Federal Compress & Warehouse Co. v. Coleman, 143 Miss. 620, 109 So. 20; Rudy v. Quincy Market Cold Storage & Warehouse Co., 249 Mass. 492, 144 N.E. 286; Traders Compress Co. v. Precure, 140 Okl. 40, 282 P. 165, 71 A.L.R. 759; Hanlon v. J. E. Miller Transfer & Storage Co., 149 Ohio St. 387, 79 N.E.2d 220; Brenton v. Sloan's United Storage & Van Co., 315 Ill.App. 278, 42 N.E.2d 945; Caldwell v. Skinner, 100 Kan. 567, 164 P. 1166; Alabam's Freight Co. v. Jiminez, 40 Ariz. 18, 9 P.2d 194; George v. Bekins Van & Storage Co., Cal.App. 196 P.2d 637.

Speaking of the Uniform Act, the California Court in Wilson v. Crown Transfer & Storage Co., 201 Cal. 701, 258 P. 596, 599, stated that "the design of the act was to remove the confusion or uncertainty arising from conflict of statutes or decisions among the several states and to make plain and general the controlling rules of

law. * * * It would be difficult to give a reasonable construction to the statute without attributing to it the force of placing the burden of proof for failure to deliver on the warehouseman." See also Federal Compress & Warehouse Co. v. Coleman, supra. The dominating influence of the Act over the decisional rule is well illustrated in a comparison of Agricultural Insurance Company v. Constantine, 144 Ohio St. 275, 58 N.E.2d 658, in which the Ohio court recognized the majority decisional rule, and the more recent case by the same great court in Hanlon v. J. E. Miller Transfer & Storage Co., supra, which recognized the compelling force of the statutory language, and accepted it as placing the burden of proof squarely upon the warehouseman. We have no reason to doubt that given an opportunity, the New Mexico courts would follow the clear language of its Uniform Act. The effect of the Act as thus construed is to place the burden upon him who is best able to discharge it. It is a salutary rule, based upon experience. Any other construction would certainly dilute or completely vitiate the clear meaning of the statute.

Since the incidence of the burden of proof is primarily a matter of policy based on experience, see 9 Wigmore on Evidence, Sec. 2486, p. 275; George v. Bekins Van & Storage Co., supra, there can be no valid objection to converting the burden of proof from a procedural presumption to a statutory rule of substantive law. Rudy v. Quincy Market Cold Storage & Warehouse Co., supra.

The establishment of the fact that the broomcorn was destroyed by fire of an unknown origin does not, without more, sustain the burden of showing due care with respect to it. See Brenton v. Sloan's United Storage & Van Co., supra; Federal Compress & Warehouse Co. v. Coleman, supra. Clearly, therefore, an issue of fact survived the pleadings and the pre-trial conference, and the trial court did not err in denying the motion for a summary judgment.

The question remains whether the bailee conclusively met the burden of showing that the fire which destroyed the broomcorn was not caused by its failure to exercise due care. The jury found that it failed to exercise due care, and specified the acts upon which it based that finding.

First, it is said that in the exercise of due care, the Warehouse Company should have maintained a night watchman. The appellants offered evidence to the effect that it was not the custom among broomcorn warehousemen to maintain night watchmen. It pointed out that broomcorn was not highly inflammable or combustible and did not burn easily; that prior to the present ownership, the warehouse was owned by a cooperative, and that the cooperative never maintained a night watchman. It went on to prove that the warehouse was operated in the same manner as it had been operated before the appellant purchased it, and that all the prevailing and customary precautionary methods were used. Of course the failure to observe a custom, or the observance of it, does not necessarily amount to due care or the lack of it, but it is admissible as evidence tending to show what an ordinary prudent man would do under the same or similar circumstances. Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, 137 A.L.R. 598, Annotation page 611; Jonesboro Compress Co. v. Hall, 178 Ark. 753, 13 S.W.2d 298.

The jury also found that inflammable debris was permitted to accumulate in and around the place. There was evidence to the effect that the debris had collected beneath the platform or floor on which the broomcorn was stored. The Company admitted that there was some collected debris under the platform, but because of the cross-bracing, it could not be cleaned out. In any event, the evidence concerning the amount of debris, and whether it constituted a hazard, was a question for the jury, and its findings thereon are binding here.

The evidence concerning the smoking in and around the place was likewise conflicting and not entirely satisfactory. But all in all, there was evidence tending to support the jury's specific finding, and it is therefore sufficient to support its general finding of lack of due care.

It is also for the jury to determine whether the specific acts of negligence proximately contributed to the fire. Of course there was no direct evidence tending to show that any specific act of negligence was the proximate cause, but it was a permissible inference from the facts as found.

In these circumstances, we cannot say that all reasonable minds would agree that the warehouseman has met the burden of showing due care. Cf. Davis v. Zabon Storage Co., 59 Ga.App. 474, 1 S.E.2d 473. The judgment is affirmed.