[Civ. No. 14395. First Dist., Div. Two. Nov. 8, 1950.]

ERNEST W. HANSON et al., Respondents, v. WELLS VAN & STORAGE CO. et al., Appellants.

Wallace, Garrison, Norton & Ray for Appellants.

Myrick & Deering & Scott for Respondents.

DOOLING, J.—Defendant Ken Wells, doing business as Wells Van & Storage Co., appeals from a judgment for plaintiffs for loss and damage by fire to household goods stored in defendant's warehouse in San Francisco. It is admitted by defendant that the burden of proof that the fire was not proximately caused by defendant's negligence was on defendant. (*George* v. *Bekins Van & Storage Co.*, 33 Cal.2d 834, 839-841 [205 P.2d 1037].) To meet this burden defendant introduced evidence of the type and construction of the warehouse, the place and manner of storage in use therein and the precautions and safeguards employed. He also produced an expert witness, a member of the Division of Investigation of the San Francisco Fire Department. This witness, Lieutenant Kelly, after the fire made an investigation to ascertain if possible its cause. He testified that his department had discovered "no known cause of the fire"; that he found no evidence that the fire was caused by negligence and none that it was caused by a criminal act. Asked specifically if the fire could have been caused by a lighted cigarette, he answered: "I hardly think so," and gave as his reason that "generally from my experience the cigarette is dropped and a fire generally breaks out, oh, three, four, five, six hours at most after . . . ." Lieutenant Kelly further testified that the manner of storage and the precautions taken by defendant were similar to those in general use in San Francisco by persons in the warehouse business.

The fire was discovered between 5 and 6 p. m. on a Sunday when the building was locked and unoccupied. The witness Jordan, in charge of the warehouse, was the last person shown to have been in the building. He locked it up and left about 2:30 p. m. on Saturday. The fire occurred and the damaged goods were stored on the second floor of the building. Neither

Jordan nor any other employee went to the second story of the building after Friday afternoon.

The trial court found that defendants "failed to satisfactorily prove that the fire on their warehouse premises occurred without the fault or negligence . . . of the defendants" and that the evidence "affirmatively shows negligence on their part, particularly in the leaving of the top floor uninspected for a matter of almost two days prior to the fire; and that a fire under similar circumstances in another warehouse belonging to the defendants shows the defendants' system of care was inadequate."

This finding of negligence is general, followed by the specification of two particulars. It is conceded that the evidence does not support the specification of another fire under similar circumstances so that that may be disregarded. Even so defendant is faced with the burden of convincing us that the evidence produced by him must be held as a matter of law to have established that the fire occurred without negligence on his part or that of his employees. This burden is a heavy one and we cannot hold that it was sustained. The court said in *George* v. *Bekins Van & Storage Co., supra,* 33 Cal.2d at page 839: "Defendant cannot explain the fire, and the fact that it enforced rigid rules to prevent fire does not preclude as a matter of law a finding that it was at least as probable that the fire was caused by negligence on the part of defendant or its employees as by a cause for which defendant would not be legally responsible."

The fact that the cause of the fire is unknown is not sufficient to support appellant's burden of proof of due care. (Quotation from the George case, *supra*; *Denning Warehouse Co.* v. *Widener,* 172 F.2d 910, 913; *Federal Compress & Warehouse Co.* v. *Coleman,* 143 Miss. 620 [109 So. 20, 22].) Lieutenant Kelly's testimony amounts to little more than this: he did not discover the cause of the fire. He found no evidence that the fire was caused by negligence, but he likewise found no evidence that it was caused in any other manner. The weakness of such evidence to sustain the burden of proof placed on defendant needs no elaboration.

Evidence that defendant used the amount of care customary in the same business is not conclusive. Conformity to "the general practice or custom would not excuse the defendant's failure unless it was consistent with due care." (*Sheward* v. *Virtue,* 20 Cal.2d 410, 414 [126 P.2d 345]; *Polk*

v. *City of Los Angeles,* 26 Cal.2d 519, 529 [159 P.2d 931] ; *Neel* v. *Mannings, Inc.,* 19 Cal.2d 647, 655 [122 P.2d 576] ; *Irelan-Yuba etc. Min. Co.* v. *Pacific G. & E. Co.,* 18 Cal.2d 557, 567 [116 P.2d 611] ; *Mehollin* v. *Ysuchiyama,* 11 Cal.2d 53, 57 [77 P.2d 855].)

██ If the specific finding that defendant was negligent in leaving the floor of the building where the fire broke out uninspected for two days must be relied on the evidence affirmatively supports it, and the question whether such conduct showed a lack of "such care . . . as a reasonably careful owner . . . would exercise" (Uniform Warehouse Receipts Act, 3 Deering's Gen. Laws, Act 9059, § 21) was a question within the discretion of the trial judge.

██ Upon the trial defendant attempted to prove the signature by the plaintiff wife of a receipt limiting liability to 10 cents per pound. No such receipt was produced and on conflicting evidence the trial court found none was signed. During the trial defendant produced a document containing such limitation purportedly signed by plaintiff husband and interrogated the wife about it. She denied signing her husband's name and testified that she did not know whether or not the signature was her husband's. Defendant's counsel did not attempt to call the husband or to prove the signature in any other way, and submitted the case. After submission the defendent moved to reopen the case to attempt to establish the genuineness of the signature by cross-examining plaintiff husband under Code of Civil Procedure, section 2055. No showing by affidavit or otherwise was made as to why this had not been done on the trial except the unsworn statement in the notice of motion "that by reason of the decision of the Supreme Court in the case of *George* v. *Bekins Van & Storage Co.,* 33 Cal.2d, page 834 [205 P.2d 1037], which decision became available subsequent to May 23, 1949, said document is material and competent evidence . . . and would upon the basis of the decision in said George case limit the amount of recovery . . . ."

This unsworn statement may well have aroused a sceptical response in the mind of the trial judge in view of the persistent effort to prove such an agreement during the regular trial. It furnished no such justification for defendant's closing his case without such proof as would compel the trial judge to reopen under penalty of abusing her discretion. Litigants must produce evidence available to them, as this was, during

the course of the regular trial and cannot compel a trial judge to reopen the case after submission to permit its production. (24 Cal.Jur., Trial, § 50, p. 770, § 52, p. 771.)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 4, 1951.