**GUTKNECHT et ux.**

v.

**WAGNER BROS. MOVING & STORAGE CO.**

No. 28783.

St. Louis Court of Appeals.

Missouri.

Feb. 24, 1954.

Rehearing Denied April 16, 1954.

John C. Shepard, St. Louis, for appellants.

Fred B. Whalen, Warren Grauel, St. Louis, for respondent.

WOLFE, Commissioner.

This is a suit against a warehouse company to recover the value of an electric range which had been destroyed by fire after plaintiffs had stored it with the defendant corporation. The defendant moved to dismiss the plaintiffs' petition on the ground that it failed to state a claim upon which relief could be granted. The court sustained the defendant's motion, dismissing the petition with prejudice, and the plaintiffs prosecute this appeal.

The petition is in three counts. The first count, after averments relating to the corporate existence of the defendant and the delivery of the electric range to the defendant for storage, is as follows:

"3. That afterwards, to-wit, on the 29th day of June, 1950, the said property of the plaintiffs was destroyed by an inside fire at 2225 Chouteau Avenue in the warehouse of said defendant.

"4. Plaintiffs state that its property herein described was destroyed by said fire by reason of the following acts of negligence on the part of defendant:

"(A) Said warehouse was not equipped with outside metal doors;

"(B) Said warehouse was equipped with electric lights and electricity;

"(C) Said warehouse was an old building, and was not equipped with a sprinkler system;

"(D) Said defendant negligently failed to maintain a night watchman at said warehouse, and failed to maintain a burglar alarm;

"(E) Said defendant failed to maintain fire extinguishers on the premises;

"(F) That the origin of said fire, its cause and spread is unknown to plaintiff but could not have occurred but for the negligence of the defendant;

"(G) Defendant stored said goods in a warehouse made of wood which was subject to fire, and was not a fire proof construction;

"(H) Defendant kept all doors and windows fastened on the inside and made the entrance of the firemen difficult into said building with the purpose of extinguishing the fire;

"(I) That said property of plaintiff was destroyed by said fire through the negligence and carelessness of the defendant in a manner unknown to the plaintiffs;

"(J) That at the time of said fire the right of control and management of said warehouse was in the defendant and the defendant possesses superior knowledge or means of information as cause of said fire and the said fire would not ordinarily occur had the defendant exercised ordinary care.

"Wherefore, Plaintiffs pray judgment against the defendant in Count One for the sum of Three Hundred Fifty ($350.00) Dollars with interest thereon at six (6%) per cent per annum from the date of said loss, together with their costs herein."

The second count of the petition, after again alleging bailment, states:

"3. That afterwards, to-wit, on the 29th day of June, 1950, the said property of the plaintiffs was destroyed by fire at 2225 Chouteau Avenue in the warehouse of said defendant.

"4. That on the 29th day of June, 1950, and on numerous dates thereafter, plaintiffs demanded their said property and that the defendant Wagner Brothers Moving & Storage Company has refused and failed to deliver same."

The count concludes with a prayer for judgment.

The pertinent parts of the third count of the petition, after again alleging bailment, are as follows:

"(3) That said personal property was stored in a warehouse of defendant where it remained in the exclusive possession and control of defendant.

"(4) That while thus stored in a warehouse of the defendant, said personal property was destroyed by fire on or about the 29th day of June, 1950, through the negligence and carelessness of the defendant and in a manner unknown to the plaintiffs."

It may be readily noted from the petition that the plaintiffs are in doubt of the remedy they are required to pursue. This is understandable after a reading of the cases which seek to construe the Uniform Warehouse Receipts Act. Section 406 RSMo 1949, V.A.M.S.

Section 8 of the Uniform Act is Revised Statutes Missouri, 1949, Section 406.090, V.A.M.S., and it is as follows:

"1. A warehouseman, in the absence of some lawful excuse provided by this chapter, is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, if such demand is accompanied with

"(1) An offer to satisfy the warehouseman's lien;

"(2) An offer to surrender the receipt if negotiable, with such endorse-

ments as would be necessary for the negotiation of the receipt; and

"(3) A readiness and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the warehouseman.

"2. In case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal."

Section 21 of the Uniform Act is Revised Statutes Missouri, 1949, Section 406.-210, V.A.M.S., which states:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

It is found in the construction of these two sections that confusion arises as to required pleadings. Missouri courts have never directly construed them as they relate to pleadings and burden of proof, and there is a complete diversity of opinion in other jurisdictions as to where the burden of proof rests when recovery is sought for goods lost or destroyed while in storage with the warehouseman. As this relates to the pleadings; one line of cases would place the burden on the plaintiff to prove that the warehouseman was negligent and under such a conception of the law the plaintiff would be required to plead the negligence upon which he relies. The other line of cases holds that the burden rests upon the warehouseman to prove that he was not negligent. Under such holdings the plaintiff could only be required to plead the bailment, his performance of the contract, and failure or refusal of the warehouseman to deliver. In commenting upon this variance of opinion as to the burden of proof, it is stated in 3 U.L.A. p. 37:

"While it may be theorized that this conflict is more apparent than real and is due to the failure of some courts to give to the expression 'burden of proof' its real significance, nevertheless an attempt to reconcile the decisions on this theory would necessarily be based on mere conjecture or inference in view of the precise language used in the opinions. It is also to be noted that in some cases the courts invoke the rule laid down in Section 8 of the Uniform Act; in others, stress is laid on the rule of care prescribed in section 21; in others, both of the sections mentioned are cited; while in still others, the decisions are reached without reference to the statute."

A reading of the cases bears out the above statement and a lengthy discussion of them would not crystallize the rationale by which either conclusion is reached. The difference, however, seems to arise by reason of a failure on the part of the courts to distinguish between an action based on the negligence of the warehouseman and an action founded upon the contract of bailment. As to the action on negligence the Supreme Court of Oklahoma, in Traders' Compress Co. v. Precure, 107 Okl. 191, 231 P. 516, loc. cit. 523, which is a well-considered opinion, held:

"We are not in accord with the views of those courts holding that where recovery is sought, based on the negligence of the warehouseman, the statute has changed the rule as to the burden of proof, for the reason that the statute under consideration deals only with the rights, duties, and liabilities of the parties under the contract of bailment as embodied in the warehouse receipt. The act does not deal with the burden of proof in actions sounding in tort, or with the law of negligence, and nowhere evinces an intention on the part of the Legislature to in any manner modify the-

rules at common law in cases founded on negligence."

■ Thus, where one seeks recovery based on negligence, he must, as in other negligence actions, plead and prove that the negligence of the warehouseman caused the loss, for the statute does not alter this rule.

■ On the question of the liability of the warehouseman on his contract under the statute, it is his duty to return the goods to the bailor when properly demanded. This is a part of his contract and when he fails or refuses to do so, he must excuse his nonperformance. Section 406.-090 places upon the warehouseman the burden of showing that in the exercise of the care required of him he is unable to deliver the bailed goods.

■ Thus, where recovery is sought on the contract of bailment, all that the plaintiff need plead and prove are the facts of the bailment, his compliance with the contract, and the failure or refusal of the warehouseman to deliver the bailed goods to him upon demand. It then falls upon the warehouseman to plead and prove that he exercised the care required of him by the statute and that the loss was not due to his negligence. Denning Warehouse Co. v. Widener, 10 Cir., 172 F.2d 910, 13 A.L.R.2d 669; Federal Compress & Warehouse Co. v. Coleman, 143 Miss. 620, 109 So. 20; Rudy v. Quincy Market Cold Storage & Warehouse Co., 249 Mass. 492, 144 N.E. 286; Hanlon v. J. E. Miller Transfer & Storage Co., 149 Ohio St. 387, 79 N.E.2d 220.

As the foregoing relates to the pleadings before us, the first count of the petition, which sets forth failure on the part of the warehouseman to have metal doors, sprinkler system, etc., attempts to plead negligence. The fault of this count lies in the fact that plaintiffs plead no acts or omissions which constitute negligence.

We stated in Kelley v. National Lead Co., 240 Mo.App. 47, 210 S.W.2d 728, 734:

"* * * in order to impose liability there must not only be a lack of care, but such lack of care must involve a breach of some duty owed to another under the particular circumstances existing at the time of the act or omission complained of, which act or omission must have proximately resulted in such other person's injury."

■ It is common knowledge that fires do occur and property is destroyed where the buildings burned have metal doors, fire extinguishers, watchmen and all the other things alleged to have been lacking here. Unless there is some particular circumstance alleged which would require a reasonably careful person to take one or all of the omitted precautions complained of and a failure to take such precautions caused a loss then no actionable negligence is stated. Springer v. Security National Bank Savings & Trust Co., Mo.Sup., 175 S.W.2d 797; Carle v. Akin, Mo.Sup., 87 S.W.2d 406. Neither can it be said that a failure to have a sprinkler system is of itself negligence. Although the Appellate Court of Illinois, in Brenton v. Sloan's United Storage and Van Co., 315 Ill.App. 278, 42 N.E.2d 945, held, in passing upon an instruction, that the failure to equip a building with a sprinkling apparatus raised a question of negligence properly submissible to a jury, it appears that the weight of authority upon this is to the contrary.

The Supreme Judicial Court of Massachusetts, in Bellows v. Worcester Storage Co., 297 Mass. 188, 7 N.E.2d 588, 591, stated:

"The absence of a sprinkler system was not negligent. The water damage resulting from sprinklers is often nearly as destructive to household goods as a fire. The absence of a night watchman and a burglar alarm does not seem to us to warrant a finding of negligence."

And the Court of Appeals of Louisiana, in Luke v. Security Storage & Van Co., 24 So.2d 692, 695, stated:

"It is true that there was no sprinkler system in the building, but we do not think that it can be said that the mere failure to install such a system constitutes negligence."

Since the first count of the petition does not allege any circumstances existing which would have given rise to a duty to have installed a sprinkler system, to have hired a watchman, or to have done the other matters mentioned, no breach of duty is pleaded, and the court properly held that it failed to state a cause of action.

■■ The third count of the petition also avers negligence, alleging that the range was destroyed by fire "through the negligence and carelessness of the defendant in a manner unknown to the plaintiff." It is contended that the occurrence of a fire gives rise to the res ipsa loquitur doctrine. This, however, is not the rule in Missouri for the cause of fires is generally unknown and they commonly occur where care has been exercised as well as where care is wanting. Therefore, when a fire originates in a warehouse, that alone is not evidence that it was caused by any negligence on the warehouseman's part. Kansas City Stock Yards Co. v. A. Reich & Sons, Mo.Sup., 250 S.W.2d 692; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A.L.R. 722; Hendricks v. Weaver, Mo.Sup., 183 S.W.2d 74. Therefore, the third count was insufficient.

■ However, the second count, which pleads the bailment and the failure to return the range upon demand, must be construed as an action upon the contract. It is true that one paragraph of the second count avers that the range was destroyed by fire, but it does not charge negligence. This allegation, as pointed out above, is unnecessary for a recovery on the contract, but its inclusion does not alter the nature of the action, since negligence is not relied upon, and the averment that the range was destroyed by fire may be regarded as surplusage so far as count two of the petition is concerned. Since this count stated a cause of action on the contract, the court erred in dismissing the petition.

It is therefore the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

ANDERSON, P. J., and BENNICK, J., and ADAMS, Special Judge, concur.