**278 P.2d 795**

**Harold SHOCKLEY, Plaintiff and Respondent,**

**v.**

**TENNYSON TRANSFER & STORAGE, Inc., a corporation, Defendant and Appellant.**

**No. 8134.**

Supreme Court of Idaho.

Jan. 4, 1955.

132

E. G. Elliott and Frank Langley, Boise, for respondent.

· Moffatt & Young and Maurice H. Greene, Boise, for appellant.

KEETON, Justice.

Defendant, appellant here, operates a public storage warehouse for hire. On May 31, 1951, plaintiff stored a deep freeze with defendant and paid, or offered to pay, all storage or incidental charges thereon; and on January 24, 1953, demanded in writing the return of the deep freeze, oral demand having been previously made.

On the trial on issues joined the court found that the contract for storage of the deep freeze was oral; that defendant did not convert it to its own use as alleged by plaintiff; that it was impossible when demand was made to return the deep freeze for the reason the same had been accidentally destroyed by fire of unknown origin; that defendant had failed to show the fire was not caused by its negligence or lack of due care. Judgment was entered against defendant for the value of the property so destroyed, from which judgment defendant prosecutes this appeal.

The facts on which the present liability is claimed are substantially as follows: A fire of unknown and undeterminable origin burned appellant's warehouse and contents on September 14, 1951. The fire originated inside the building, where among other things were stored tanks of anhydrous ammonia, also numerous containers filled with weed killing solution. After the fire started some explosions occurred because of the intense heat produced. It was not determined that the fire was caused by an explosion. There was no evidence that it was. Anhydrous ammonia is not inflammable, but would and did explode when subjected to the heat of the burning building and contents. Neither was the particular weed killing solution shown to be of an inflammable or explosive character. There was also testimony that anhydrous ammonia would not burn in a liquid state. No explosives or material known to be of an explosive character were stored in the building. A watchman was not maintained on the premises and while the building was equipped with fire extinguishers, no automatic sprinkler system was installed.

The warehouse was of brick modern construction and complied with all city regulations of the Boise City Building Code and Fire Code relative to safety. Members of the fire department of Boise had at various times prior to the fire, inspected the building and contents, and found no violation of fire regulations. The fire occurred about 3:30 in the morning, at a time when the building was locked and unoccupied. It had been inspected by the president of the defendant company on September 13th, about ten p. m., who found no indication of fire and nothing that could have contributed to its cause. Signs prohibiting smoking were placed at various parts of the warehouse. There is no evidence that any violation of this rule caused the fire.

■ Section 69–121, I.C., provides:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

This section is in substance a restatement of the common law doctrine that a warehouseman receiving goods for storage is not an insurer and in the absence of a statute or contract requiring a different rule, shall not be liable for a loss due to a fire or other causes not occasioned by a failure on his part to exercise due care. 56 Am.Jur. 387, Sec. 144; 67 C.J. 507, Sec. 104; 67 C.J. 567, Sec. 258.

Section 69–108, I.C., reads in part:

"A warehouseman, in the absence of some lawful excuse provided by this chapter, is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, * * *.

"In case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal."

While it is contended otherwise, the act of bailment here being considered comes within the provisions of the Uniform Warehouse Receipts Law, and the liability, if any, must be determined pursuant to its provisions.

■ When the bailor establishes the contract of bailment, the delivery of the goods to the warehouseman, tenders the storage charges and other incidental costs, demand for the return of the bailed articles and the failure or refusal of the warehouseman to return the goods, he has made out a prima facie case, and it is then incumbent on the warehouseman to establish the existence of a lawful excuse for such refusal, and the burden of proof is then on the bailee to overcome this prima facie showing. 67 C.J. 567; 6 Am. Jur. 459, Sec. 371. See collection of cases 13 A.L.R.2d 685.

■ A warehouseman, subject to the provisions of the act, who is unable to deliver the goods because of their destruction by fire of unknown origin, bears the burden of proving that he exercised due care, and that the bailed goods were not destroyed because of his negligence. Denning Warehouse Co. v. Widener, 10 Cir., 172 F.2d 910, 13 A.L.R.2d 669; George v. Bekins Van & Storage Co., 33 Cal.2d 834, 205 P.2d 1037; Hanson v. Wells Van & Storage Co., 100 Cal.App.2d 332, 223 P.2d

509; Caldwell v. Skinner, 100 Kan. 567, 164 P. 1166; Alabam's Freight Co. v. Jiminez, 40 Ariz. 18, 9 P.2d 194; Yazoo & M. V. R. Co. v. Hughes, 94 Miss. 242, 47 So. 662, 22 L.R.A.,N.S., 975; Traders Compress Co. v. Precure, 140 Okl. 40, 282 P. 165, 71 A.L.R. 759; Cole v. Hounger, 58 N.M. 211, 269 P.2d 1096; Lederer v. Railway Terminal & Warehouse Co., 346 Ill. 140, 178 N.E. 394, 77 A.L.R. 1497.

■ The warehouseman is in a better position to know and prove the cause of the fire and to account for the injury or loss of the goods than is the bailor. The bailor, generally speaking, does not have the knowledge or information, nor equal means to acquire it. Establishing that the origin of the fire is unknown is not suffient in itself to free the warehouseman from liability. Hanson v. Wells Van & Storage Co., 100 Cal.App.2d 332, 223 P.2d 509.

■ The bailor having proved a prima facie case and the fire having originated inside of the building from an unknown cause, the question of fact as to whether or not the bailee exercised the degree of care required was a matter to be determined by the trier of the facts, and a finding that the bailee had failed to show the fire was not caused by its negligence or lack of due care is in substance a finding of a lack of required care. The judgment is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS and TAYLOR, JJ., concur.