**EMPLOYERS FIRE INSURANCE COM-
PANY et al., Appellants,**

v.

**LANEY AND DUKE STORAGE WARE-
HOUSE COMPANY, Inc., Appellee.**

No. 24479.

United States Court of Appeals
Fifth Circuit.

April 11, 1968.

Harding A. Orren, Minneapolis, Minn., Gerald Bard Tjoflat, Jacksonville, Fla., for appellants, Robins, Davis & Lyons, Minneapolis, Minn., Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., of counsel.

Delbridge L. Gibbs, Harry T. Gray, Jacksonville, Fla., for appellee, Heineke, Conklin & Schrader, Chicago, Ill., Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., of counsel.

Before BROWN, Chief Judge, CLAYTON, Circuit Judge, and CHOATE, Senior District Judge.

CHOATE, Senior District Judge:

This is a bailment action against a warehouseman. Fire, of unknown origin, destroyed the warehouse and the plaintiffs'[1] goods which had been entrusted to the warehouseman.

Plaintiffs appeal from a judgment based on a verdict for the warehouseman. The case was tried by skilled lawyers on both sides, and before an experienced and very able judge. The proceedings were without fault, except in relation to a difficult question of the burden of proof and the mention of insurance positions of the parties.

The action is governed by Florida's Uniform Warehouse Receipts Act, Fla. Stat. ch. 678 (1963), F.S.A., which was in effect in Florida at the time of the loss. The controlling sections of the act are as follows:

§ 678.08 *Obligation of warehouseman to deliver.—*

(1) A warehouseman, in the absence of some lawful excuse provided by this chapter, is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, if such demand is accompanied with [certain offers etc. not here relevant] * * *.

(2) In the case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal.[2]

§ 678.21 *Liability for care of goods.*—A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care.

■ Plaintiffs established their prima facie case by a stipulation to the effect that the defendant acquired possession of the goods under warehouse receipts and that the goods were not delivered to plaintiffs after the fire.

Defendant, in its case-in-chief, introduced much evidence of its general care and good conduct, including a strict no-smoking policy. It boasted a fire alarm system, fire extinguishers, a full time janitor, daily inspections by defendant's officers. Inspectors from a fire department and other government agencies, insurance company representatives, and many owners of the stored goods had all given defendant's warehouse high marks in good warehousekeeping practices.

Plaintiffs elicited or produced evidence, in cross-examining defendant's witnesses and in their rebuttal case, relating to the following: that Renuzit products, a Class III flammable liquid, was stacked in the building in racks or piles up to eighteen feet high, in violation of the Florida Fire Prevention Code,[3] that there was unlawful use of the area under the stairs in violation of the Jacksonville Ordinance Code, and; that a cardboard box was used to collect trash in violation of the Florida Fire Prevention Code.

The court's instruction regarding the alleged violations was as follows:

"Portions of the Ordinance Code of the City of Jacksonville and portions of the Florida Fire Prevention Code were introduced in evidence by the plaintiffs

---

1. Appellants are the ten plaintiffs below. Eight of them are bailors and two are bailors' insurance carriers with rights of subrogation.

   Federal jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

2. The Uniform Commercial Code, effective in Florida as of January 1, 1967, superseded Fla.Stat. ch. 678. The new pro-

vision, Fla.Stat. § 677.7–403, F.S.A. is similar to the one quoted in that the warehouseman must establish his lack of negligence if he is to defeat liability for non-delivery of bailed goods.

3. The trial court's ruling that such a violation, if causally connected to the loss, was negligence per se was not challenged on appeal.

along with evidence designed to prove a violation of these codes by the defendant. The *plaintiffs have the burden* of proving by a preponderance of the evidence that the defendant violated these codes.

If you find that the plaintiffs have proved a violation of the Ordinance Code or the Florida Fire Prevention Code by the defendant, then you must determine if any such violation was the proximate cause of the *warehouse fire.*

The *plaintiffs have the burden* of proving by a preponderance of the evidence that such violations, if proved, were the proximate cause of the *fire.*

If you find that the plaintiffs have proved a violation of either of these codes, and that such violation was the proximate cause of the *fire,* then, as a matter of law, the defendant was negligent. That is to say, if you find that the defendant violated either of these codes and that such violation proximately caused the *fire,* then as a matter of law, the defendant did not exercise such care as a reasonably careful owner of similar goods would have exercised, and you must return a verdict for the plaintiffs." (Emphasis supplied.)

■ The instruction is erroneous in two particulars. First, the instruction is in terms of proximate cause of the fire. The real issue here is not the cause of the fire, but rather, it is the proximate cause of the "loss or injury to the goods." Fla.Stat. § 678.21 (1963, F.S.A.

■ It is clear that a warehouseman's liability does not turn merely on whether or not he negligently started the fire by providing a spark. He will be held liable if he negligently created a hazard which contributed to the spread of a fire, or in any manner contributed to the bailor's loss. Colonial Transfer Co. v. Southern Bell Telephone & Telegraph Company, 88 So.2d 289 (Fla.1956); Atmore Truckers Association v. Westchester Fire Insurance Company, 218 F.2d 461 (5th Cir. 1955); Belt's Wharf Warehouses, Inc. v.

International Products Corporation, 213 Md. 585, 132 A.2d 588 (1957).

There was evidence from which the jury could conclude that defendant violated the code and ordinances, and further, under proper instructions, it could have concluded that the violations, particularly the high piling of an excessive amount of Renuzit, if found to have occurred, were a proximate cause of the extent of the loss, whether the violations caused the fire or not.

■ The second error in the instruction was the placing of the burden of proof of proximate cause on plaintiffs, as to the code and ordinance violations. Under Fla.Stat. § 678.08(2) and 678.21, where there is a loss the burden is upon the warehouseman to establish that he exercised such care as a reasonably careful owner would exercise, and to establish that the loss "could not have been avoided" by the exercise of due care. The quoted phrase clearly includes a consideration of proximate cause.

The general rule was well stated by an Idaho court:

"A warehouseman, subject to the provisions of the act, who is unable to deliver the goods because of their destruction by fire of unknown origin, bears the burden of proving that he exercised due care, *and* that the bailed goods were not destroyed because of his negligence." Shockley v. Tennyson Transfer & Storage, Inc., 76 Idaho 131, 278 P.2d 795, 797 (1955). (Emphasis supplied.)

The statute has the effect of "imposing upon the bailee a rather absolute duty of establishing a lawful excuse for his default." 1 Jones, Evidence § 217, at 412 (5th ed. 1958). In short, his is the never-shifting burden.

The plaintiffs' requested charge No. 20, which was refused, is a fair statement of the law:

"If you find from the evidence that the defendant was guilty of negligence, then the burden is upon the defendant to establish by a preponderance of the

evidence that its negligence was not a proximate cause of the destruction of plaintiffs' goods. If the defendant fails to satisfy that burden by the greater weight of the evidence, or if the evidence as to that cause is equally balanced so that you cannot determine whether defendant's negligence did or did not cause that destruction, then you must return a verdict for the plaintiffs."

 Plaintiffs also complain of the introduction into evidence of a sample warehouse receipt, and to defendant's reading therefrom the following provision, which was printed in red on the reverse side of the receipt:

"Goods will not be insured unless requested by the storer in writing and confirmed by the warehouseman in writing."

Defendant's counsel asked the president of defendant whether any plaintiff had requested defendant to insure the goods. Plaintiffs' objection was overruled and the witness answered no.[4]

Plaintiffs contend that the provision is invalid as violative of Fla.Stat. § 678.03, F.S.A.[5] We find it unnecessary to reach that question. In view of the fact that the parties had stipulated that defendant issued warehouse receipts to plaintiffs, no proper purpose could have been served by permitting the jury to see a sample. The emphasis upon the quoted provision was prejudicial, or could have been, in that it implied that all plaintiffs carried insurance on their goods, whereas defendant had no insurance to protect it against liability.

It is unnecessary here to determine whether the error in the admission and use of the receipt was reversible, but we merely say that on a re-trial its use should be avoided.

Since there was error in the court's instructions, the judgment for defendant is reversed, and the cause is remanded for a new trial.

---

4. After answering in the negative, the witness added the statement, "I believe that everybody that had goods in the warehouse covers their own goods by insurance." Plaintiffs' motion to strike the statement was granted.

5. § 678.03. *Form of receipts; what terms may be inserted.*—A warehouseman may insert in a receipt, issued by him, any other terms and conditions, provided that such terms and conditions shall not—

(1) Be contrary to the provisions of this chapter.

(2) In any wise impair his obligation to exercise that degree of care in the safekeeping of the goods intrusted to him which a reasonably careful man would exercise in regard to similar goods of his own.